**In re Beverly A. SANDERS, Debtor.**

**Bankruptcy No. 99–11969.**

United States Bankruptcy Court,
N.D. Ohio,
Eastern Division.

Jan. 19, 2000.

Sheldon Stein, Beverly A. Sanders, Cleveland, Ohio, for debtor.

Myron E. Wasserman, trustee.

Jeffrey M. Hendricks, Lerner, Sampson & Rothfuss, Cincinnati, Ohio, for The Money Store.

### MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Bankruptcy Judge.

Beverly A. Sanders (the Debtor) objected to an arrearage claim of $6,965.73 filed by The Money Store (TMS) on the belief that such claim was excessive and should have been in the lesser amount of $4,778.73. The Debtor only objects to that part of TMS' claim which seeks payment of $2,172.00 characterized as "legal fees, court costs & out-of-pocket expenses". Following a hearing on the matter and an examination of the record, generally, the Debtor's objection is sustained in part.

The Debtor owns and resides at 11420 Dove Avenue in Cleveland, Ohio. In November of 1995, she obtained a mortgage loan from TMS in an amount of $55,800.00. Her monthly mortgage payment was $530.97. Due to delinquent payments,

TMS commenced foreclosure proceedings on the Debtor's residence. Subsequently, the Debtor filed for relief under Chapter 13 of the Bankruptcy Code, wherein her repayment plan (the Plan) was confirmed on or about June 9, 1999, without objection from TMS.

The Debtor filed for Chapter 13 relief on March 18, 1999. TMS caused two proofs of claim to be filed. Its first claim was filed timely on May 28, 1999 as a secured real estate mortgage proof of claim.[1] In addition to reflecting the principal balance owed ($55,115.27), this claim sought arrearages totaling $6,965.73. Paragraph No. 8 of this proof of claim states, "The debtor's Plan is REJECTED." This claim pertained to the Debtor's personal residence located at 11420 Dove Avenue in Cleveland, Ohio.[2]

On March 25,1999, notice of the scheduled confirmation hearing date and objection to confirmation deadline was sent by the Court to all entitled parties in interest. It is not disputed that TMS received such notification. The Plan confirmation hearing date and objection deadline were scheduled for April 30, 1999. On June 3, 1999, the Debtor's modified Plan was confirmed. No objection to Plan confirmation was filed by TMS. The Court's Certificate of Mailing [See, Docket Entry No. 4] shows that TMS was duly noticed of the Plan confirmation events. Thusly, procedural due process was established in this regard.

*Issue*

The Court must determine whether a timely filed proof of claim trumps a Chapter 13 plan's treatment of a claim, where due ·process was given to the affected claimant but no objection to the plan was filed by the claimant.

*Parties' Contentions*

The Debtor specifically objects to the portion ($2,172.00) of the claim for "legal fees, court costs & out-of-pocket expenses", as no explanation or itemization of that dollar amount was provided, no supporting documentation was attached in this regard, and no fee application has been filed by TMS' legal counsel. Additionally, The Debtor objects on the basis that this particular part of the claim is not allowed pursuant to §§ 506(b) and 1322(e) of the Code, as well as the Plan's provisions.

TMS, in opposing the Debtor's objection to its claim, argues:

1. Congress intended 11 U.S.C. § 1322(e) to prevent payment of interest on interest.

2. Under the statute, attorney fees are recoverable where, as here, the underlying agreement provides for them and state law is silent.

3. Even assuming the statute applies, the debtor has the burden of demonstrating that attorney fees are not recoverable; and

4. The debtor cannot hide behind a claim of res judicata. The plan provision barring attorney fees violates 11 U.S.C. §§ 1322(b)(2) and 1325(a)(1). (See, Reply Memorandum of the Money Store in Support of Claim, filed 11–18–99).

█ These arguments of TMS are well-structured and forceful, except for one major problem—they are being made untimely. Each of the above-mentioned points of argument and the subject arrearage claim are focused on the ability of TMS to recov-

1. The deadline for filing timely proofs of claim was July 29, 1999.

2. On August 6, 1999, TMS filed its second secured proof of claim captioned "CURRENT Proof of Claim." This claim pertained to a loan made by TMS to the Debtor and was collateralized on the Debtor's real property located in Park Forest, Illinois. This claim totaled $103,629.37. On this proof of claim, which was filed beyond the claims bar date, no reference was made by TMS regarding its acceptance or rejection of the Debtor's Chapter 13 plan. The earlier filed proof of claim filed by TMS is the subject of the Debtor's objection.

er its fees and costs related to its foreclosure proceeding on the Debtor's residence. Plan Paragraph No. 14 clearly addressed an inability of secured creditors, like TMS, to recover such fees and costs. The confirmation hearing on the Debtor's Plan was duly noticed upon all entitled parties, including TMS. No objection to the Plan was filed by TMS. Nor did TMS, or any other party in interest, appeal the Court's order confirming the Debtor's Plan. Essentially, the arguments presently offered by TMS, regardless of merit, should have been advanced at or prior to the Plan confirmation hearing.

Section 1327(a) of the Bankruptcy Code provides:

> The provisions of a confirmed plan *bind the debtor and the creditor*, whether or not such creditor is provided for by the plan, and *whether or not such creditor has objected to, has accepted, or has rejected the plan.* 11 U.S.C. § 1327(a) (Emphasis added).

For whatever reason, TMS chose not to object to the Debtor's Plan notwithstanding the fact that certain of its arguments, if made, may have been meritorious. See also, *In re Welch*, 1998 WL 773999 (6th Cir.1998). (Section 1327(a) has been consistently interpreted as barring the relitigation of any issue which was decided or which could have been decided at confirmation.)

The Sixth Circuit in *Welch*, citing a noted commentator noted:

> [I]t is 'quite clear that the binding effect ... extends to any issue actually litigated by the parties and any issue necessarily determined by the confirmation order.' citing 8 Collier On Bankruptcy, ¶ 1327.02 at 1327–3 (15th ed.1998).

Although both parties have addressed the application of the common law doctrine of *res judicata* in this matter, its application relative to § 1327(a) is actually misplaced. As noted in *Welch:*

> Although the courts often invoke the term "res judicata" in describing the

§ 1327(a) bar to relitigation, it should be recognized that this statutorily derived bar equates to neither traditional claim preclusion nor traditional issue preclusion. "[C]laim preclusion ... is the doctrine ... by which a final judgment on the merits in an action precludes a party from bringing a subsequent lawsuit on the same claim or cause of action or raising a new defense to defeat a prior judgment." *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660 (6th Cir.1990) Claim preclusion often is applied in the bankruptcy context. In cases in which a party raises a modification motion or appeals a discharge, however, there is no identity of claims, and claim preclusion is not appropriate. Unlike claim preclusion, § 1327 does not bar the entire action. *Preclusion under § 1327 is somewhat harsher than common law issue preclusion, however.* At common law the litigation of an issue is precluded only if that issue was actually litigated and decided and if the determination of that issue was necessary to the judgment in a previous action between the parties. See *Gargallo*, 918 F.2d at 661. Under § 1327, as it has been interpreted, an issue is precluded if it could have been decided at confirmation, whether or not it was actually decided. *Welch, supra,* at 1998 WL 773999 *2, FN. 1. (Emphasis added).

■ Section 1327(a) is analogous to § 1141 of the Code. Both provisions effectively bar the relitigation of any issues raised or that could have been raised in the confirmation proceedings. See, *In re Chattanooga Wholesale Antiques, Inc.*, 930 F.2d 458, 463 (6th Cir.1991). This point was succinctly opined in *Welch:*

> When a creditor appeals a Chapter 13 discharge, we believe that the language of § 1327 and the need for finality in the multilateral bankruptcy context similarly bar the introduction of issues that could have been raised at confirmation. Utilizing the more relaxed common law is-

sue preclusion standard, by comparison, would allow certain creditors to raise claims against the bankruptcy estate collaterally that could and should have been raised in the confirmation process, but were not actually litigated or decided at that stage. Such a result would be contrary to the design and intent of the Bankruptcy Code. *Welch, supra,* at 1998 WL 773999 *2.

The Sixth Circuit's holding in *Welch* is both persuasive and controlling. TMS' reliance upon the Seventh Circuit's holding in *Escobedo*[3] is not persuasive and is not followed.

*The Plan*

The Debtor's Plan dated March 15, 1999 acknowledged the secured interest of TMS. Plan Paragraph No. 3 provided that TMS' arrearage claim would be paid inside the Plan through monthly payments totaling $4,000.00, at the contract rate of interest. Additionally, Plan Paragraph No. 4, *inter alia,* provided that the holder of a secured claim would retain any lien securing such claim until the amount for which the claim is allowed as secured is paid in full, pursuant to 11 U.S.C. § 1325(a)(5)(B)(i) and 1327(c).

In bold print, Plan Paragraph No. 9 provides:

9. The treatment of creditors set forth in the plan will become absolute upon confirmation pursuant to 11 U.S.C. § 1327. Therefore, if a creditor or contract party named herein objects to this plan, including specifically the valuation of security and the treatment of executory contracts and unexpired leases, a formal objection to confirmation must be filed before the date fixed by the Bankruptcy Court.

The Plan also contains language which provides:

14. Per 11 U.S.C. § 1322(e), secured creditors holding liens upon the debtor's real estate shall not be entitled to counsel fees or courts costs in this case for

any reason, including proceedings upon or after default of any provision herein by the debtor. In addition, all secured creditors shall also not be entitled to recover attorney fees in this case for any reason, including proceedings upon or after default of any provision herein by the debtor, and waive their right to same. The debts listed in the Chapter 13 petition and schedules shall be discharged under 11 U.S.C. § 1328.

The Debtor filed an Amended Plan on May 4,1999. Service of process was made upon all creditors, including TMS. The Amended Plan altered no provisions respecting the treatment of TMS' arrearage claim. The Amended Plan was confirmed on June 3, 1999 without objection. The Confirmation Order, among its several findings and conclusions, held that, "Notice of the confirmation hearing was duly given." (See, Confirmation Order entered on June 9, 1999).

*Plan Objection*

Objection to the confirmation of a proposed Chapter 13 plan may be made pursuant to provisions of Rule 3015(f), Bankr.R. Therein, the following is noted:

An objection to confirmation of a plan shall be filed and served on the debtor, the trustee, and any other entity designated by the court, and shall be transmitted to the United States trustee, before confirmation of the plan. An objection to confirmation is governed by Rule 9014. If no objection is timely filed, the court may determine that the plan has been proposed in good faith and not by any means forbidden by law without receiving evidence on such issues. Rule 3015(f), Bankr.R.

It is unrefuted that, pursuant to Rule 3015(d) and 2002, proper notice was given regarding the scheduled confirmation hearing on the Debtor's Plan.

 TMS's attempt to reject the Debtor's Plan within the contents of its

3. *In re Escobedo,* 28 F.3d 34, 35 (7th Cir. 1994).

proof of claim was in derogation of Rule 3015(f) and is of no legal consequence. In current Chapter 13 practice, creditors are not afforded an opportunity to vote acceptance or rejection of a debtor's plan. Where a proposed plan is unacceptable to a secured creditor, Rule 3015(f) provides the only available recourse for a proper objection to the plan. Notedly, the fact that TMS attempted to reject the Debtor's Plan as part of its proof of claim is further evidence that TMS possessed sufficient notice of the Plan by which it could have filed a proper objection had it chosen to do so. TMS failed to file an objection to either the Debtor's original or amended plan, as allowed under Rule 3015(f).

*Proof of Claim*

■ The filing of proofs of claim is governed, procedurally, under Rule 3001, Bankr.R. Pursuant to Rule 3001(a), which addresses the form and content of the proof of claim, its purpose is clearly to set forth a creditor's claim and is not an instrument for any other purpose. Specifically, a proof of claim is not an appropriate pleading to object to the substance of a plan. Relief in the latter regard is only obtainable as provided under the auspices of Code §§ 1324, 1325, and under Rule 3015(f).

The claims filing and allowance process is addressed, substantially under §§ 501, 501, and 503 of the Bankruptcy Code. Additionally, the extent of recognition of secured claims is determined under provisions of § 506. Rule 3001(a) requires that a proof of claim conform substantially to Official Form No. 10. A variation of Official Form No. 10 to address the acceptance or rejection of a Chapter 13 plan by a creditor is of no legal effect but may convey to any party in interest, including the debtor, that the claimant is not favorably disposed to the debtor's proposed plan. Attempted rejection of a debtor's plan within a proof of claim is ill-advised:

[A]t the time of the filing of proofs of claim and from the creditor's distance, there is rarely sufficient information for a creditor to make a reasonable decision to accept or reject a proposed plan. Even in jurisdictions where the plan or a summary of the plan is accurately and timely mailed to creditors, the possibility of modifications prior to confirmation and the likelihood of adjustments in the plan at the meeting of creditors or at the hearing on confirmation may render any acceptance of the plan in a proof of claim an iffy proposition for creditors. A creditor that intends to object to the plan should always file and serve a separate written objection to confirmation consistent with Bankruptcy Rule 3015(f); a creditor should never rely only on checking a box for "rejection" of the plan in a proof of claim.[4]

*The Effects of Confirmation*

As one noted commentator expressed:

Confirmation is the bright line in the life of a Chapter 13 case at which all the important rights of creditors and responsibilities of the debtor are defined and after which all rights and remedies must be determined with reference to the plan. [Title] 11 U.S.C. § 1327(a) states clearly: "The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan". "[B]ind" means that rights and responsibilities are defined by the plan rather than by prepetition contracts, state law, non-bankruptcy federal law, or the "equities" of prepetition events.

. . .

[T]he confirmed plan controls the debtor-creditor relationship unless and until the plan is modified or a creditor is relieved of its effects. This binding effect is every bit as compelling as a new

4. Lundin, K.M., *Chapter 13 Bankruptcy*, § 7.14, pp. 7–9 and 10, Vol. 2 (1997).

agreement and is fully enforceable by the debtor so long as the debtor does not default under the plan.[5]

The confirmation order is a final appealable order. Once it becomes final, subject to any modification under § 1329, revocation under § 1330, or other relief afforded, the confirmation order possesses all of the preclusive effects of any final judgment from a federal court. Id. at 6–7.

Where adequate notice has been provided to claimants regarding the plan confirmation process, most courts, citing § 1327, prohibit further litigation of all issues which were or could have been litigated at or before the confirmation hearing. See, *In re Welch, supra; In re Chappell,* 984 F.2d 775 (7th Cir.1993) (Confirmation of plan precludes postconfirmation action which challenged the lack of interest on a second mortgage.) *In re Pence,* 905 F.2d 1107 (7th Cir.1990) (Confirmation of plan binds secured claim holder to accept surrendered collateral in full satisfaction of its claim notwithstanding creditor's claim it never received formal written notice of the confirmation hearing.); *In re Szostek,* 886 F.2d 1405 (3d Cir.1989) (Confirmed plan is binding on creditor that failed to object to confirmation, notwithstanding that the plan failed to provide present value under § 1325(a)(5)); *In re O'Neal,* 142 B.R. 411, (Bankr.D.Or.1992) (State taxing authority is bound by § 1327(a) to accept payment of redemption rights in installments through the Chapter 13 plan when county had notice of the case, knew provisions of the proposed plan, was aware of the date of confirmation, and failed to object to confirmation).

Herein, the Debtor's plan was filed prior to TMS filing its subject claim against the Debtor's bankruptcy estate. The fact that TMS lodged an objection to the Plan within its proof of claim evinces that TMS was noticed of the Plan and the Plan's proposed treatment of its claim. TMS failed to file an appropriate objection to the Plan or appeal the Court's order of confirmation.

The arrearage claim of TMS was approved in the confirmed plan in an amount of $4,000.00 at the contract rate of interest (See, Plan Para. No. 3). Thusly, that amount becomes the allowed arrearage claim of TMS. To allow otherwise would allow both TMS and the Debtor to subvert the "finality" objective of the plan confirmation process. See, *In re Keaton,* 182 B.R. 203, 204 (Bankr.E.D.Tenn.1995) (The allowed amount of a secured lender's claim is binding, notwithstanding the filing of a proof of claim for substantially more.); *In re Rodgers,* 180 B.R. 504, 505–07 (Bankr. E.D.Tenn.1995) (Claim holder is bound by the confirmed plan notwithstanding that a timely filed proof of claim asked for more.); *In re Talbot,* 124 F.3d 1201, 1209 (10th Cir.1997) (The IRS was prohibited from collecting more than the precise amount allowed its secured claim fixed by the order of confirmation.); accord, *In re Brenner,* 189 B.R. 121, 122–29 (Bankr. N.D.Ohio 1995); *Republic Supply v. Shoaf,* 815 F.2d 1046 (5th Cir.1987) ("Creditors who sleep on their rights through the confirmation process do so at their own peril".)

*Conclusion*

Accordingly, the Debtor's objection is sustained, in part, and is overruled, in part.

IT IS SO ORDERED.

---

**5.** *Id.,* at § 6.9, 6–4 and 6–5.