**In re David FILI, Debtor.**

**Factors Funding Co., Appellant,**

v.

**David Fili and Denise M. Pappalardo, Chapter 13 Trustee, Appellees.**

**No. MW 00–072.**

United States Bankruptcy Appellate Panel of the First Circuit.

Jan. 11, 2001.

---

Steven A. Kressler, Lisa M. Read, Kressler & Kressler, Worcester, MA, for Appellant.

Jason Rosenberg, Herbert Weinberg, North Andover, MA, for Appellee.

Before: LAMOUTTE, HAINES, DEASY, U.S. Bankruptcy Appellate Panel Judges.

HAINES, Bankruptcy Judge.

Factors Funding Co. appeals the bankruptcy court's orders disallowing its secured proof of claim based on confirmation of a Chapter 13 plan expressly providing: "The alleged secured claim of Factors Funding, Inc. is hereby discharged as there is no underlying obligation." For the reasons set forth below, we affirm.

### Background

David Fili filed for relief under Chapter 13 of the Bankruptcy Code[1] on October 25, 1999. The case notice promulgated by the court clerk established February 17, 2000, as the last date for creditors to file proofs of claim. On October 25, 1999, Fili properly served his Chapter 13 plan on Factors, providing that Factors' claim was "discharged." On December 10, 1999, he served an amended plan similarly providing for discharge of (and no distribution in respect to) Factors's claim.[2] Factors did not object to the plan or the amended plan. By order dated January 24, 2000, the bankruptcy court confirmed the amended plan.

Factors filed a proof of secured claim in the amount of $35,429.33 in advance of the February 17, 2000, bar date, but after plan confirmation. Fili objected immediately, asserting that the claim was barred by the confirmed plan and that, in any event, Fili owed Factors nothing. Factors rejoined, and the court set the claims contest for

---

1. Unless otherwise indicated, all references to the "Code" or the "Bankruptcy Code" and all references to statutory sections are to the Bankruptcy Reform Act of 1978, as amended, 11 U.S.C. § 101 *et seq*.

2. Factors does not contend that service of the plan or the amended plan failed to comply with applicable rules. *See* Fed.R.Bankr.P. 3015; Mass. Local Bankr.R. 3015–1; *id.* at App. 1, 13–2.

non-evidentiary hearing on May 15, 2000. At that hearing the court disallowed Factors's claim for two reasons. It held there was no enforceable obligation underlying a mortgage Factors held on Fili's residence. And it held that confirmation of Fili's plan precluded allowance of Factors's claim under the doctrine of *res judicata.*

### Discussion

Factors asserts that the bankruptcy court erred on both counts. It contends that the court could not permissibly determine that Fili owed it nothing without conducting an evidentiary hearing and it argues that, because the claims filing bar date had not expired, the court could not permissibly extinguish its claim through plan confirmation.

The parties have argued the former point at length, but in the end it is unnecessary to resolve it. We conclude that the plan confirmation process, resulting in confirmation of Fili's amended Chapter 13 plan, effectively extinguished Fili's alleged liability to Factors.

■ Factors's argument on the *res judicata* point is simple: A proof of claim is *prima facie* evidence of a claim's validity. *See* Fed.R.Bankr.P. 3001(f). "Under this rule, a claim is presumed valid until an objecting party has introduced evidence sufficient to rebut the claimant's prima facie case." *In re Inter–Island Vessel Co.,* 98 B.R. 606, 608 (Bankr.D.Mass.1988). A proof of claim will prevail over a mere formal objection. *See, e.g., Juniper Dev. Group v. Kahn (In re Hemingway Transp., Inc.)* 993 F.2d 915, 925 (1st Cir. 1993) ("The interposition of an objection does not deprive the proof of claim of presumptive validity unless the objection is

supported by *substantial evidence.*"). Since the deadline for filing a proof of claim had not expired before confirmation, the debtor's confirmed plan, which expressly incorporated a provision extinguishing Factors's claim, could not prevail. When Factors timely filed its proof of claim, albeit post-confirmation, it established its claim as valid *prima facie.* Liability on the claim could not be determined against it without a meaningful objection and an evidentiary hearing.

■ We disagree, principally because Fili's plan was confirmed only after notice and an opportunity for Factors to be heard. Under the circumstances of this case, where the notice was adequate (indeed, repeated) and the plan clearly and unequivocally disclaimed any liability whatsoever to Factors, Factors was not free blithely to forgo its full and fair opportunity to object to the plan's plain terms. Even if issues relating to Fili's liability to Factors could not be finally resolved through a plan confirmation contest, an issue we need not address,[3] Factors ignored the plan confirmation process, and its opportunity to object to confirmation, at its peril.

We note that Factors does not contend that notice of confirmation was deficient in any way. It was given adequate advance notice of the hearing and adequate notice of the bar date for confirmation objections. And it concedes it had unequivocal notice that, if confirmed, the plan would "discharge[ ]" any liability to Factors and establish there was no "underlying obligation." In the face of such notice, Factors was obliged to object to confirmation.[4] It could not cast a blind eye to confirmation's consequences.

---

**3.** The facts of this case render it unnecessary to determine the precise procedural point whether a dispute about liability could be finally resolved in a confirmation hearing or whether a timely objection to confirmation would lead to disapproval of the plan (or postponement of confirmation) pending hearings of another character.

**4.** Its objection could have sought a full hearing on the claims dispute in the context of confirmation hearings or, just as easily, could have objected to confirmation noting that it had yet to file its proof of claim and that Fili would be obliged to join issues with it in a different procedural context. *See supra* note 3.

Plan confirmation is a final order, with *res judicata* effect, and is imbued with the strong policy favoring finality. *See, e.g., Great Lakes Higher Educ. Corp. v. Pardee (In re Pardee),* 193 F.3d 1083, 1086–87 (9th Cir.1999) (enforcing provision in confirmed Chapter 13 plan discharging postpetition interest on student loans); *Andersen v. UNIPAC–NEBHELP (In re Andersen),* 179 F.3d 1253, 1257–60 (10th Cir. 1999) (enforcing confirmed plan's discharge provisions eliminating outstanding student loan liability); *see also Barbosa v. Soloman (In re Barbosa),* 235 F.3d 31, (1st Cir.2000) (addressing modification of confirmed plan, noting that §§ 1327 and 1330 "accord significant finality to confirmation orders in Chapter 13 cases," and noting that motions to modify "cannot be used to circumvent the appeals process for those creditors who have failed to object [to] confirmation of a Chapter 13 plan"); *In re Szostek,* 886 F.2d 1405, 1414 (3rd Cir.1989) (creditor has affirmative duty to object to unlawful or objectionable provisions of Chapter 13 plan); *see cf. Heins v. Ruti–Sweetwater, Inc. (In re Ruti–Sweetwater, Inc.),* 836 F.2d 1263 (10th Cir.1988) (Chapter 11 plan's discharge provisions bound non-voting, non-objecting creditor with no-

tice); *Republic Supply Co. v. Shoaf,* 815 F.2d 1046 (5th Cir.1987) (same).

This is not a case such as *Piedmont Trust Bank v. Linkous (In re Linkous),* 990 F.2d 160 (4th Cir.1993) where the confirmation notice was later deemed insufficient to apprise a creditor of the need to object to confirmation.[5]

██ Nor is it a case like *In re Grogan,* 158 B.R. 197 (Bankr.E.D.Cal.1993) where the debtors' plan *generally* set amounts to be distributed with respect to secured and priority claims, but the I.R.S.'s timely post-confirmation proof of claim set forth different *amounts* due to it on secured and priority bases. The *In re Grogan* court refused to limit the I.R.S. to the amounts the debtors had unilaterally listed as due it on their *schedules. Id.* at 199–200.[6]

Finally, this case is unlike *In re Kressler,* 252 B.R. 632 (Bankr.E.D.Pa.2000). In *In re Kressler* a secured creditor filed its proof of claim late. The claim was disallowed. The debtors proffered a plan proposing to pay the creditor nothing with respect to its lien because its second mortgage "was totally unsecured, cramdown; [creditor] to cancel its mortgage/lien of record." *Id.* at 633. And when the creditor objected to confirmation, the debtors

---

**5.** In *In re Linkous* a secured creditor was not given adequate notice that the court would consider valuing its security and bifurcating its claim at confirmation. In reaching its decision to vacate the confirmation order insofar as it affected Piedmont's rights, the Fourth Circuit Court of Appeals recognized that, with proper notice, the debtor could have accomplished what she sought through the confirmation process. 990 F.2d at 162–63.

**6.** The court declared that, "[t]o limit the IRS to an amount determined solely by the debtor while the time to file proofs of claims had not yet expired would violate fundamental principals [sic] of bankruptcy claims practice." *Id.* at 200. In the course of discussion, *In re Grogan* commented generally about commonly used procedures in which confirmation precedes the claims bar date:

Allowing proofs of claim to be filed after the confirmation hearing may seem con-

trary to the strong concern for finality in a bankruptcy confirmation order, but finality is dependent upon both the promptness of claims filed by the creditors and the completeness and accuracy of the debtor's schedules. For example, the debtor can unilaterally increase the likelihood that his plan will be final by either adequately providing in his plan for those creditors who will have priority claims, or by filing accurate proofs of claim on behalf of any creditors whose claims are not filed in time for the confirmation hearing pursuant to section 501(c).

*Id.* We would add that, where, as in the case before us, the debtor unequivocally provides fair notice of *final* and *certain* treatment that a claim (or a potential claim) will be given under the plan, he or she may expect that the claim's holder will be bound by the confirmed plan unless that claim's holder files an appropriate, timely objection to confirmation. *See, e.g., In re Pardee,* 193 F.3d at 1086–87; *In re Andersen,* 179 F.3d at 1257–60.

claimed that it could not be a "party in interest" entitled to object, *see* § 1324, because its claim had been disallowed. After determining that, since the creditor's lien had yet to be avoided, it had standing to object, *id.* at 633–34, the court went on to hold that a debtor may not permissibly effect cramdown through plan confirmation processes. *Id.* at 634–35. As explained above, *see supra* notes 3 and 4, this case does not require us to reach the latter issue because, unlike the creditor in *In re Kressler,* Factors *never objected* to confirmation.

Thus, we hold that in the face of notice that timely and unambiguously informs a creditor that his claim will be disallowed in total and discharged under a Chapter 13 plan pending for confirmation, the creditor may not ignore the confirmation process and fail to object simply because the bar date for filing a proof of claim has yet to expire. A creditor who disregards a procedurally proper and plain notice that its interests are in jeopardy does so at its own risk. Confirmation of such a plan, after notice and an opportunity for hearing, bars the creditor's later-filed claim under principles of *res judicata.*[7]

### Conclusion

For the reasons set forth above, the order of the bankruptcy court disallowing Factors' claim is AFFIRMED.

---

7. We recognize that there is perceptible tension between the plan confirmation process and the claims allowance/disallowance process. That tension is particularly apparent where, as here, confirmation may precede the claims bar date's expiration. *See generally* 2 Keith M. Lundin, Chapter 13 Bankruptcy § 6.10 (2d ed. Supp.1996). That tension is relaxed entirely with an appreciation that:

Claim holders are entitled to have their rights in a Chapter 13 case determined after appropriate notice and opportunity for hearing. Notice and procedural due process can be satisfied in several ways without violating any fundamental principles of bankruptcy law.

*Id.* § 6.10 at 6–23 (commenting that, with adequate notice and opportunity for hearing, disputes that could be resolved through other procedural vehicles, e.g. collateral valuation for secured claims, may appropriately be determined at confirmation).