**In re William Kenneth MOORE and Delene Lee Moore, Debtors.**

No. 02–30581–JWV.

United States Bankruptcy Court,
W.D. Missouri,
Southwestern Division.

Feb. 18, 2003.

Amy L. Boxx, Monett, MO, Michael A. Gould, N. Kansas City, MO, Chad A. Kelsch, Missouri Dept. of Revenue, Jefferson City, MO, for creditors.

J. Kevin Checkett, Checkett & Pauly, Carthage, MO, for debtors.

## MEMORANDUM ORDER

JERRY W. VENTERS, Bankruptcy Judge.

Three matters are presently pending before the Court in this Chapter 13 proceeding. Greg and Carolyn Coursen ("Coursens"), creditors of the Debtors, William Kenneth Moore and Delene Lee Moore ("Moores" or "Debtors"), have filed an Ob-

jection to Treatment of Claim by Trustee (Document # 31) and a Motion for Relief from Stay (Document # 33). The Debtors have filed an Objection to Claim of Greg and Carolyn Coursen (Document # 38). On January 30, 2003, the Court held a hearing in Carthage, Missouri, on all three matters. At the close of the hearing, the Court announced that it would take the matter under advisement and give the Debtors until February 7, 2003, to respond to the Coursens' trial brief (which was handed up to the Court at the hearing but was not electronically filed).[1] Counsel for the Debtors filed his reply brief on February 4, 2003 (Document # 45). The Court has reviewed these briefs in addition to the pleadings, relevant case law, and the evidence adduced at the hearing, and is now ready to rule.

For the reasons set forth below, the Court will sustain the Debtors' Objection to Claim of Greg and Carolyn Coursen (Document # 38) and will deny the Coursens' Objection to Treatment of Claim by Trustee (Document # 31). The Court will not rule at this time on the Coursens' Motion for Relief from Stay (Document # 33) for the reasons stated hereinbelow.

The facts of the case can be briefly described. On September 1, 1999, the parties executed a promissory note (Coursens' Ex. 1) in the amount of $26,000.00 in connection with the Debtors' purchase of a 1999 Legend mobile home ("mobile home") which was titled in the names of the Coursens.[2] The Coursens were not able to convey title to the mobile home because it was subject to a lien in favor of the Bank of Joplin. (Coursens' Ex. 2) The promissory note, which apparently memorializes

---

**1.** The Court has directed counsel for the Coursens to file the trial brief electronically.

**2.** The promissory note identified the mobile home as a 1998 model, but the parties agreed

at the hearing that the mobile home is a 1999 model. The certificate of title shows that it is a 1999 model.

the entire agreement of the parties, should perhaps be referred to as a "contract for title," because just above the signatures of the Moores there appears the statement: "Title to held [sic] until note is paid in full." The note provides that the Debtors will pay 12% interest for the purchase of the mobile home, with payments of $286.43 a month for 20 years.

The Debtors were unable to make payments on the mobile home and subsequently filed for bankruptcy on May 16, 2002. In their Schedule D—Creditors Holding Secured Claims, the Debtors listed the Coursens as secured creditors, with the 1999 Legend mobile home as collateral for a debt of $25,007.71. The Debtors listed the value of the mobile home as $18,000.00. In their Chapter 13 Plan, which was confirmed *without objection* on October 18, 2002, the Debtors listed the Coursens as secured creditors and the value of the mobile home as $18,000.00, and provided that that debt would be paid in the course of the Plan, with interest at the rate established pursuant to this Court's Local Rules, generally referred to as the "Chapter 13 Rate."

It was not until October 22, 2002, after the Debtors' Plan had been confirmed, that the Coursens filed their first proof of claim, alleging the value of the mobile home to be $26,000.00. This first proof of claim did not identify the debt as a secured debt or as related to an executory contract; it simply showed the debt as an unsecured debt. However, after receiving the Trustee's Notice Allowing Chapter 13 Claims as Filed—which provided for the debt to the Coursens to be paid as a secured debt in the amount of $18,000.00 in accordance with the schedules—the Coursens amended their claim on December 17, 2002, asserting that the transaction between the parties was actually an executory contract, not a security interest.

The Debtors objected to this second proof of claim, contending that the Coursens' claim should be allowed as secured in the amount of $18,000.00, with the remainder of the debt treated as unsecured pursuant to their confirmed plan. In both their arguments and their post-hearing brief, the Debtors contend that under 11 U.S.C. § 1327, the Coursens are bound to the treatment of their debt as provided in the Plan and are precluded from repossessing the mobile home as long as their plan stands confirmed.

Section 1327 provides as follows:

(a) *The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.*

(b) Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan, the confirmation of a plan vests all of the property of the estate in the debtor.

(c) Except as otherwise provided in the plan or in the order confirming the plan, the property vesting in the debtor under subsection (b) of this section is free and clear of any claim or interest of any creditor provided for by the plan.

11 U.S.C. § 1327. (emphasis added)

 As one respected bankruptcy judge and commentator has said:

Confirmation is the bright line in the life of a Chapter 13 case at which all the important rights of creditors and responsibilities of the debtor are defined and after which all rights and remedies must be determined with reference to the plan. [Title] 11 U.S.C. § 1327(a) states clearly: "The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of

such creditor is provided by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan". "[B]ind" means that rights and responsibilities are defined by the plan rather than by prepetition contracts, state law, non-bankruptcy federal law, or the "equities" of prepetition events.

. . .

[T]he confirmed plan controls the debtor-creditor relationship unless and until the plan is modified or a creditor is relieved of its effects. This binding effect is every bit as compelling as a new agreement and is fully enforceable by the debtor so long as the debtor does not default under the plan.

Lundin, K.M., Chapter 13 Bankruptcy, § 6.9, 6–4 and 6–5, Vol. 2 (1997). *See In re Sanders,* 243 B.R. 326, 330 (Bankr. N.D.Ohio 2000).

The Eighth Circuit Bankruptcy Appellate Panel has described the binding effect of a confirmed Chapter 13 plan as follows:

The sum of the judicial decisions that have considered the statutorily binding effect of a confirmed plan of reorganization is that if the confirmed plan treats the creditor, and if the creditor received proper notice of the plan and its proposed confirmation, the creditor's only potential remedy for a plan it doesn't like is to appeal the order of confirmation.

*In re Simpson,* 240 B.R. 559, 562 (8th Cir. BAP 1999). *See In re Smith,* 2003 WL 261921, *3 (Bankr.E.D.Ark.).

 Courts recognize an exception to this finality of the confirmed plan if the creditor was denied due process for lack of notice. *In re Durham,* 260 B.R. 383, 387 (Bankr.S.C.2001). However, where adequate notice has been provided to claimants regarding the plan confirmation process, most courts prohibit further litigation of all issues which were or could have been litigated at or before confirmation. *Sanders, supra,* 243 B.R. at 331; *In re Basham,* 167 B.R. 903 (Bankr.W.D.Mo.1994). There is no claim of lack of notice in this case. In fact, Mr. Coursen testified that he had received notice of the confirmation hearing. Accordingly, the Court finds that the Coursens had notice of the Debtors' Plan and its provisions as to payment of their debt, as well as an opportunity to be heard. For whatever reasons, the Coursens did not object to the Debtors' Plan and they failed to appeal the Order of Confirmation; therefore, they are bound by the terms of the confirmed plan. Even if the Coursens' argument is meritorious, on which we will offer no opinion, they are now barred from bringing this issue before the Court.

Turning to the Coursens' Motion for Relief, the Court will withhold a ruling on that Motion because, after the Court took this matter under advisement the Trustee filed a Motion to Dismiss the Moores' case for failure to make their plan payments (Document # 46). The Trustee alleges—and the Chapter 13 Web site shows—that the Debtors are four months behind in plan payments of $800.00 per month, for a total of $3,200.00. Although the Plan provides for payments to the Coursens, no money has been distributed to them by the Trustee because of the Debtors' failure to make their Plan payments. The Court will withhold ruling on the Coursens' Motion for Relief pending resolution of the Trustee's Motion to Dismiss. The Debtors have until February 25, 2003, to respond to the Trustee's Motion to Dismiss. If the Debtors fail to respond to the Trustee's Motion, or if they fail to present a satisfactory proposal to cure the arrearages in the plan payments, the Coursens' Motion for Relief will be granted and the case will be dismissed.

Therefore, for the reasons stated herein, it is

**ORDERED** that the Debtors' Objection to the Claim of Greg and Carolyn Coursen (Document # 38) be and is hereby SUSTAINED. It is

**FURTHER ORDERED** that the Coursens' Objection to Treatment of Claim by Trustee (Document # 31) be and is hereby OVERRULED. It is

**FURTHER ORDERED** that the Coursens' Motion for Relief from Stay (Document # 33) shall remain under advisement pending a final determination with respect to the Trustee's Motion to Dismiss (Document # 46).