**In re Alexander SANTIAGO SANTIAGO, Ciara A Nieves Marcano, Debtors.**

**No. 02–02717–SEK.**

United States Bankruptcy Court, D. Puerto Rico.

Aug. 30, 2004.

Roberto Perez Obregon, Bayamon, PR, for Debtor.

## MEMORANDUM OPINION

MARK W. VAUGHN, Chief Judge.

The Court has before it the Chapter 13 Trustee's ("Trustee") Motion for Summary Judgment objecting to the Debtors' motion for post confirmation modification of their plan. The Court held a hearing on the motion on January 20, 2004, and took this matter under submission. For the reasons set out below, the Trustee's Motion for Summary Judgment is granted, and the Debtors' request for post confirmation modification is denied.

### FACTS

The facts are undisputed. The Debtors, Alexander Santiago Santiago and Ciara A Nieves Marcano, filed a Chapter 13 bankruptcy petition on March 15, 2002. Liquidation value of property of the estate was determined to be zero. The Debtors' plan was confirmed on May 20, 2002. The confirmed plan provides for a sixty month term with monthly payments to the Trustee of $350 for total payments of $21,000. The distribution to unsecured creditors represents a 100% dividend on scheduled claims of $755.99. On June 5, 2003, the Trustee filed a motion to dismiss for failure to make plan payments, the Debtors being four payments in arrears. Instead of bringing their payments current, the Debtors filed a motion seeking post confirmation modification of their plan pursuant to 11 U.S.C. § 1339 [1] on July 14, 2003. In their motion, the Debtors proposed to reduce the plan term from sixty to fifty-six months including four months of no payments and the total payments from $21,000 to $18,200. The proposed modification reduces the dividend to unsecured creditors from 100% to 64%. The Trustee filed a motion for summary judgment objecting to

the approval of the post confirmation modification based on the Debtors' failure to comply with the confirmation requirements of § 1329(b) and § 1325(a). The Debtors timely filed their objection to this motion.

### JURISDICTION

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

### DISCUSSION

Under § 1329(a), a confirmed plan may be modified in order to "increase or reduce the amount of payments on claims of a particular class provided for by the plan; or to extend or reduce the time for such payments..." 11 U.S.C. § 1329(a)(1–2). Section 1329(b) provides that such post confirmation is subject to compliance with sections 1322(a), 1322(b), 1323(c), and 1325(a). This means that the plan as modified must be proposed in good faith. 11 U.S.C. § 1325(a)(3); See In re Barbosa, 235 F.3d 31, 38 (1st Cir.2000); In re Witkowski, 16 F.3d 739, 746 (7th Cir.1994). Also, it must comply with the "best-interests-of the-creditors" test and the "ability-to-pay" standard of § 1325(a)(4–6). In re Barbosa, 235 F.3d at 38.

■ The Trustee asserts that the Debtors' failure to comply with the terms and conditions of the confirmed plan is a sufficient cause for denying post confirmation modification of the plan. The Debtors argue that they do not have to comply with the original confirmed plan because their creditors receive no less under their chapter 13 plan than they would have in a liquidation and the debtors could have pro-

---

1. Unless otherwise noted, all statutory section references herein are to the Bankruptcy Reform Act of 1978, as amended, 11 U.S.C. §§ 101, et seq.

posed fifty-two months plan instead of sixty months plan from the beginning.

■ The provisions of a confirmed plan bind the debtor and each creditor. § 1327(a). Plan confirmation is a final order, with *res judicata* effect, and is imbued with the strong policy favoring finality. *In re Fili*, 257 B.R. 370, 373 (1st Cir. BAP 2001) (citations omitted). Addressing the issue of modification of confirmed plan, the First Circuit noted that § 1327 and § 1330 accord significant finality to confirmation orders in Chapter 13 cases. *In re Barbosa*, 235 F.3d at 41. In the instant case, the fact that the liquidation value is zero and that the Debtors could have proposed a shorter plan does not defeat the finality of the Debtor's confirmed plan. Accordingly, the Court finds that the Debtors failed to advance a legitimate reason for requesting modifications of their confirmed chapter 13 plan.

■ The next issue confronting the Court is whether the modification of the plan is proposed in good faith as required under § 1329(b). The Trustee argues that the plan modification is not proposed in good faith because the Debtors did not provide a reason for the modification and their disposable income has not changed. The Trustee also argues that a mere increase of $295, a fifty-three payments plan instead of fifty-two payments plan, still would have provided for 100% payments to unsecured creditors. Thus, the Trustee believes that the Debtors simply do not want to make the extra four plan payments. Additionally, the Trustee argues that the Debtors' failure to seek a hardship discharge under § 1328(b) and the timing of the modification as a reaction to the Trustee's motion to dismiss also show lack of good faith. The Debtors do not dispute that they have not shown any change in circumstances that have affected their ability to make plan payments. However, the Debtors argue that their plan modification is proposed in good faith because their sole purpose is to avoid dismissal while continuing to pay their creditors.

■ When the debtor is the proponent, analyzing good faith at post confirmation modification would be little different from analyzing the debtor's good faith at confirmation of the original plan. Keith M. Lundin, *Chapter 13 Bankruptcy*, 3d Ed. § 254.1 (2000 & Supp.2002). A Chapter 13 debtor has the burden of proving that the proposed plan satisfies the statutory "good faith" requirement, and the focus of the good faith inquiry is often whether the filing is fundamentally fair to the creditors, and whether it complies with the spirit of the Bankruptcy Code's provisions. *See In re Love*, 957 F.2d 1350 (7th Cir.1992).

The Court finds that the Debtor's modification in the instant case is not proposed in good faith. The confirmed plan originally called for sixty monthly payments and a 100% distribution. After being 4 payments in arrears, the Debtors moved to modify their plan to substantially decrease payments on their unsecured debt. As the Debtor themselves admit, they have not shown any changes of circumstances which would affect their ability to pay creditors. They have not provided any explanations as to what their current financial situation is or why they cannot continue to pay their creditors. They have not filed amended schedules, so it must be assumed that their disposable income remains the same. The Court notes that the Debtors did not provide any reason for the modification request.

If the Debtors' true reason for proposing a modification is the result of circumstances for which the Debtors should not be justly held accountable, then the Debtors should have moved to request a hard-

ship discharge under § 1328(b).[2] Congress afforded a remedy to debtors, who find themselves unable to provide significant future performance under a plan, in § 1328(b). *In re Vasquez*, 261 B.R. 654, 657 (Bankr.N.D.Tex.2001). The *Vasquez* court noted that from the debtor's perspective, the discharge obtained under a completed, modified plan is certainly preferable to the more limited hardship discharge under § 1328(b), because the hardship discharge has more nondischargeable debts than a discharge from a completed plan. *Id.* The Court is mindful of Congress' intention in enacting Chapter 13 is to encourage debtors to repay their debtors to the best of their ability. To allow the Debtors to modify the plan under such circumstances effectively defeats Congress' intention.

### CONCLUSION

For the reasons stated above, the Trustee's Motion for Summary Judgment is granted, and the Debtors' request for post confirmation modification is denied.

This opinion constitutes the Court's findings and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. The Court will issue a separate order consistent with this opinion.

**2.** § 1328(b) provides a hardship discharge to a debtor that has not completed payments under a plan if—
   (1) the debtor's failure to complete such payments is due to circumstances for which the debtor should not justly be held accountable;
   (2) the value, as of the effective date of the plan, of property actually distributed under the plan on account of each allowed unsecured claim is not less than the amount that would have been paid on such claim if the estate of the debtor had been liquidated under chapter 7 of this title on such date; and
   (3) modification of the plan under section 1329 of this title is not practicable.