**In re Terry and Lynda THAXTON, Debtors.**

**No. 04–24947.**

United States Bankruptcy Court, N.D. Ohio, Eastern Division.

Oct. 27, 2005.

Blake Owen Brewer, Independence, OH, for Debtors.

## MEMORANDUM OF OPINION
## AND ORDER

RANDOLPH BAXTER, Bankruptcy Judge.

The matter before the Court is Terry and Lynda Thaxton's ("Debtors") Objection to the Proof of Claim of Clareshire Court Condominium Association ("Clareshire"). The Court acquires core matter jurisdiction over this proceeding under 28 U.S.C. § 157(b)(2)(J) and General Order No. 84 of this District. Upon an examination of the parties' respective briefs and supporting documentation, and after conducting a hearing on the matter, the following findings of fact and conclusions of law are hereby rendered:

\*

The Debtors filed their Chapter 13 case on November 22, 2004. Clareshire holds a secured lien on the Debtors' primary residence, arising from certain unpaid condominium fees. Article 3 of the Debtors' Plan ("Plan") lists Clareshire as a secured creditor to be paid outside of the Plan, with an arrearage owed to Clareshire in the amount of $2,590.00. The Plan was confirmed on January 26, 2005 without objection. Subsequent to confirmation of the Plan, Clareshire timely filed a Proof of Claim in the amount of $4,088.56. Although Clareshire's Trial Brief states that the claim was in the amount of $3,901.88, the amount listed on the Proof of Claim of $4,088.56 will be considered to be accurate for the purposes of this Order.

\* \*

The parties agree that there are no contested issues of fact. Therefore, the Court must determine, as a matter of law, whether Clareshire's claim should be allowed in the amount of $2,590.00, as reflected in the

Debtors' Confirmed Plan, or $4,088.56, as reflected in Clareshire's Proof of Claim.

The Debtors object to Clareshire's Proof of Claim on the basis that under § 1327(a), Clareshire is bound by the arrearage amounts set forth in the confirmed plan. Since Clareshire did not file an objection to confirmation of the Plan, it is barred by the principle of *res judicata* from claiming an arrearage amount greater than provided in the confirmed Plan.

Clareshire, however, argues that the results of this case are dictated by §§ 1322(b) and 1325(a)(5), and not § 1327(a). Clareshire opposes the Debtors' objection, arguing that because it is a creditor secured only by an interest in the Debtors' primary residence, this claim cannot be modified by a Chapter 13 plan pursuant to § 1322(b). Further, Clareshire notes that under § 1325(a), a plan may be confirmed if the holder of a secured claim retains its interest. Therefore, the *res judicata* effect of § 1327(a) is inoperative, and Clareshire should receive the amount submitted in its timely filed Proof of Claim.

\* \* \*

The issue in this case is "whether a timely filed proof of claim trumps a Chapter 13 plan's treatment of a claim, where due process was given to the affected claimant but no objection to the plan was filed by the claimant." *In re Sanders*, 243 B.R. 326, 327 (Bankr.N.D.Ohio 2000).

The effect of a confirmed plan is addressed in § 1327(a), which provides that "[t]he provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." 11 U.S.C. § 1327(a). "The purpose of section

1327(a) is the same as the purpose served by the general doctrine of res judicata. There must be finality to a confirmation order so that all parties may rely upon it without concern that actions which they may thereafter take could be upset because of a later change or revocation of the order." [1]

Before § 1327(a) can take effect, however, creditors are given the opportunity to object to the confirmation of the debtor's plan. As a threshold matter, "provisions of a confirmed Chapter 13 plan are not binding on creditors to the extent that the confirmation order violates a creditor's due process rights." *In re Harris*, 293 B.R. 438, 441 (Bankr.N.D.Ohio 2003); *In re Ruehle*, 412 F.3d 679, 684–85 (6th Cir.2005). "Due process requires that a creditor receive notice that is reasonably calculated, under all circumstances, to apprise the creditor that its rights may be altered." *Mullane v. Central Hanover Bank & Trust*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950). Upon receiving notice of the confirmation hearing, Rule 3015(f) provides the creditor with an opportunity to object to confirmation of a plan. FED. R. BANKR.P. 3015(f).

The opportunity to object to the plan is not merely an option to be exercised at the convenience of the creditors. The policy favoring finality of a plan places an obligation on creditors to make a timely objection prior to plan confirmation. *In re Szostek* 886 F.2d 1405, 1414 (3d Cir.1989) (citing *In re Ruti–Sweetwater, Inc.*, 836 F.2d 1263 (10th Cir.1988)) ("[C]reditors are obligated to take an active role in protecting their claims."); *Factors Funding Co. v. Fili (In re Fili)*, 257 B.R. 370, 373 (1st Cir. BAP 2001) ("A creditor who disregards a procedurally proper and plain

---

**1.** 5 COLLIER ON BANKRUPTCY ¶ 1327.01[1].

notice that its interests are in jeopardy does so at its own risk."); *In re Record Club of America*, 38 B.R. 691, 696 (M.D.Pa.1983); *In re El Khabbaz*, 264 B.R. 204, 209 (Bankr.N.D.Iowa 2001) ("[C]reditors must review plan provisions and object if treatment of their claims is unacceptable. Otherwise, they assume the risk that they will be bound by undesirable terms if they fail to object."). "It would hardly serve the purposes for which the federal bankruptcy laws were intended to permit a dissatisfied creditor to withhold its opinion of the practicality and fairness of a debtor's plan until after that plan has been completed. At such a late point in time, a meaningful modification of the plan is difficult, if not impossible, and the objecting creditor is in a position to circumvent the protective shield provided debtors under Chapter 13." *In re Gregory*, 19 B.R. 668, 670 (9th Cir. BAP 1982). Therefore, "[w]here adequate notice has been provided to claimants regarding the plan confirmation process, most courts, citing § 1327, prohibit further litigation of all issues which were or could have been litigated at or before the confirmation hearing." *In re Sanders*, 243 B.R. at 331 (discussing *In re Welch*, 1998 WL 773999 (6th Cir.1998)); *In re Hance*, 2000 WL 1478390, *3 n. 5 (6th Cir.2000); *Lane v. Westfield Ins. Co.*, 1995 WL 1671910, *3 (S.D.Ohio 1995) (citing *In Re Chattanooga Wholesale Antiques, Inc.*, 930 F.2d 458, 463 (6th Cir.1991)); *In re Stiller*, 323 B.R. 199 (Bankr.W.D.Mich.2005).

■ Clareshire concedes that it was given due notice of the opportunity to make a timely objection to plan confirmation. Clareshire was aware that the Debtors' proposed plan included an arrearage amount of $2,590.00. For whatever reason, Clareshire chose not to exercise its right to make a timely objection to plan confirmation. Regardless of the merits of Clareshire's arguments, the possibility that § 1322(b)(2) and § 1325(a)(5) support a right to full payment does not excuse its failure to properly assert that right. *See In re Sanders*, 243 B.R. at 327; *In re Moore*, 247 B.R. 677, 682 (Bankr. W.D.Mich.2000) ("[I]f Section 1329(a) were read to permit any modification so long as it comported with Sections 1322, 1323(c) and 1325(a), then Congress' intention of creating 'finality' through the confirmation of a Chapter 13 plan as expressed in Section 1327(a) would also be all but defeated."). Further, the possibility that the Plan may have been confirmed despite its objections does not excuse Clareshire's failure to make a proper objection. The appropriate time to place these issues before the Court would have been prior to plan confirmation.

■ Clareshire cannot excuse or otherwise circumvent its failure to file a timely objection by filing a Proof of Claim for a higher arrearage amount, merely because it may have been entitled to such a recovery had the issue been raised properly. A timely filed proof of claim is not an alternate forum for the creditor to raise objections that were not made before plan confirmation. *See In re Chang*, 274 B.R. 295, 301–02 (Bankr.D.Mass.2002) (quoting *In re Fili*, 257 B.R. at 373) ("Indeed, the policy favoring the finality of a confirmation order is so strong that a 'creditor may not ignore the confirmation process and fail to object [to the amount or classification of his claim] simply because the bar date for filing a proof of claim has yet to expire.' "); *In re Sanders*, 243 B.R. at 330 ("A proof of claim is not an appropriate pleading to object to the substance of a plan. Relief in the latter regard is only obtainable as provided under the auspices of Code §§ 1324, 1325 and under Rule 3015(f)."). For the foregoing reasons, Clareshire is barred by § 1327(a) from recovering an arrearage

amount greater than the amount provided for in the confirmed plan.

\* \* \* \*

Accordingly, the Debtors' Objection to Proof of Claim is well-premised and is hereby **SUSTAINED.** Each party is to bear its respective costs.

**IT IS SO ORDERED.**

### *JUDGMENT*

In Cleveland, in said District, on this 24th day of October, 2005.

A Memorandum Of Opinion And Order having been rendered by this Court in this matter.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Debtor's objection is hereby sustained. Each party is to bear its respective costs.

IT IS SO ORDERED.