ELECTRONIC CITATION:  2008 FED App. 0011P (6th Cir.)
File Name:  08b0011p.06

**BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT**

| | |
|---|---|
| In re:   TONY M. STOREY and<br>          LAURA D. STOREY,<br><br>                    Debtors.<br>_____<br><br>TONY M. STOREY and LAURA D. STOREY,<br><br>                    Appellants,<br><br>          v.<br><br>FRANK M. PEES, CHAPTER 13 TRUSTEE,<br><br>                    Appellee.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)   No. 07-8049<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Appeal from the United States Bankruptcy Court
for the Southern District of Ohio, Eastern Division, at Columbus.
No. 06-50198.

Argued:  May 14, 2008

Decided and Filed:  August 7, 2008

Before:  PARSONS, RHODES, and SHEA-STONUM, Bankruptcy Appellate Panel Judges.

_____

**COUNSEL**

**ARGUED:**  John F. Canizzaro, CANIZZARO, FRASER, BRIDGES, JILLISKY & STRENG, Marysville, Ohio, for Appellants.  John W. Kennedy, OFFICE OF THE CHAPTER 13 TRUSTEE, Worthington, Ohio, for Appellee.  **ON BRIEF:**  John F. Canizzaro, Donald R. Jillisky, CANIZZARO, FRASER, BRIDGES, JILLISKY & STRENG, Marysville, Ohio, for Appellants. John W. Kennedy, OFFICE OF THE CHAPTER 13 TRUSTEE, Worthington, Ohio, for Appellee.

---

## OPINION

---

MARILYN SHEA-STONUM, Bankruptcy Appellate Panel Judge. The Debtors appeal an order of the bankruptcy court granting the chapter 13 trustee's motion to modify the Debtors' confirmed plan. The modification sought to correct the chapter 13 trustee's preconfirmation mistake in calculating the plan's length with a resulting increase in the dividend to unsecured creditors from 7% to 50%. For the reasons that follow, we REVERSE the decision of the bankruptcy court.

## I.   ISSUE ON APPEAL

Whether a chapter 13 trustee's motion to modify a confirmed plan pursuant to 11 U.S.C. § 1329(a) to correct the trustee's preconfirmation mistake is precluded by 11 U.S.C. § 1327(a)?

## II.   JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel for the Sixth Circuit has jurisdiction to decide this appeal. The United States District Court for the Southern District of Ohio has authorized appeals to the Panel, and neither party elected to have this appeal heard by the district court. 28 U.S.C. § 158(b)(6), (c)(1). A bankruptcy court's final order may be appealed as of right. 28 U.S.C. § 158(a)(1). An order is final if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798, 109 S. Ct. 1494, 1497 (1989) (citations omitted). An order granting a trustee's motion for modification of a debtor's confirmed chapter 13 plan is a final order. *See In re Fitak*, 121 B.R. 224, 226 (S.D. Ohio 1990); *cf. Ledford v. Brown (In re Brown)*, 219 B.R. 191, 192 (B.A.P. 6th Cir. 1998) ("Denial of motion to modify a confirmed Chapter 13 plan is a final appealable order.").

Modification under § 1329 is discretionary. *In re Brown*, 219 B.R. at 192. A bankruptcy court abuses its discretion when it "'relies upon clearly erroneous findings of fact or when it improperly applies the law or uses an erroneous legal standard.'" *Corzin v. Fordu (In re Fordu)*, 209 B.R. 854, 858 (B.A.P. 6th Cir. 1997) (citations omitted). While the court's decision whether to allow modification is reviewed for abuse of discretion, whether the bankruptcy court was correct in

its interpretation of the applicable statutes is reviewed de novo. *Chrysler Fin. Corp. v. Nolan (In re Nolan)*, 232 F.3d 528, 531 (6th Cir. 2000) ("The bankruptcy court's interpretation of section 1329(a)(1) is reviewed *de novo*."). "De novo review requires the Panel to review questions of law independent of the bankruptcy court's determination." *First Union Mortgage Corp. v. Eubanks (In re Eubanks)*, 219 B.R. 468, 469 (B.A.P. 6th Cir. 1998).

## III.  FACTS

On January 20, 2006, Tony and Laura Storey (the "Debtors") filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code. The plan proposed by the Debtors provided for the Debtors to make monthly payments of $1,438 to the chapter 13 trustee (the "Trustee") for a period not to exceed 60 months, with Class 5 creditors, i.e., the holders of allowed general unsecured claims, to be paid a total sum of $5,140 or 7%, whichever was greater (the "Plan"). No objection was filed to the Plan, and the Trustee recommended confirmation. The bankruptcy court entered an order on March 30, 2006, confirming the Plan.

Almost a year later, on March 8, 2007, the Trustee moved to modify the Plan to increase the dividend to Class 5 creditors from 7% to 50% because "the projected length of the Plan fails to meet the applicable commitment period of 11 U.S.C. § 1325(b)(4)" (the "Motion to Modify"). At the hearing on the Motion to Modify, counsel for the Trustee reported that the Trustee's pre-confirmation recommendation of the Plan had been based on his erroneous projection that the Plan would last 48 months. In connection with his routine review of the case following the claims bar date (May 23, 2006), the Trustee realized that he had mistakenly counted a secured claim twice in his initial calculation of plan length, and that rather than the projected 48 months, the Plan would only last 27 months. According to the Trustee, because the Debtors' income exceeded the median income for a family of their size in Ohio, the required "applicable commitment period" for their Plan was five years per 11 U.S.C. § 1325(b)(4). The Trustee's proposed plan modification would correct that plan length deficiency in the Debtors' Plan because a 50% payout to unsecured creditors would cause the Plan to run 52 months.

> At the hearing in support of the Motion to Modify Trustee's counsel stated:
>
> [T]his was one of the very first new law cases that was confirmed. . . . [I]t is clear that our policy and the Court's policy, in fact, on the length of above median income cases was not really fine tuned at that point because now we would object to above

medium [sic] income cases that project [] forty eight months and ask that the dividend be increased. But at that time that's where we were in this process and the trustee's recommendation indicated that the case would last forty-eight months and it was confirmed on that basis.

(Appellants' Appx. 12 at 5-6.)

The bankruptcy court approved the modification over the Debtors' objection, concluding that "the Debtors must commit to their Plan all of their projected disposable income for a period of 60 months" so that their plan will "be consistent with the statutory requirements for confirmation."[1] (Appellants' Appx. 9 at 6.) The Debtors timely appealed.

## IV. DISCUSSION

This is not the typical modification case where modification of plan terms is sought due to the amount of claims filed or to a post-confirmation change in the debtor's income. Rather, the Trustee's Motion to Modify was premised on two reasons: (1) his preconfirmation miscalculation of plan length which led him erroneously to recommend confirmation of a plan lasting only 27 months, and (2) his desire that the plan be modified to conform with the bankruptcy court's current judicial interpretation of 11 U.S.C. § 1325(b)(4), i.e., a debtor with above-median income must have a plan length of five years. This appeal puts at issue the interplay between §§ 1327 and 1329 of the Bankruptcy Code.

Under § 1327(a), "[t]he provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." 11 U.S.C. § 1327(a). Thus, absent a timely appeal, a confirmation order is *res judicata* and not subject to collateral attack. *See Ford Motor Credit Co. v. Parmenter (In re Parmenter)*, 527 F.3d 606, 609 (6th Cir. 2008) (comparing plan terms to a contract to which res judicata applies once ratified by the court); *Ruskin v. DaimlerChrysler Servs. N. Am., L.L.C. (In re Adkins)*, 425 F.3d 296, 302 (6th Cir. 2005) ("[C]onfirmation of a plan has been described as 'res judicata of all issues that could or should have been litigated at the

---

[1] In a footnote, the bankruptcy court observed that because the Trustee's confirmation recommendation was based on his miscalculation, "the Trustee could have filed a motion to set aside the order of confirmation under 60(b) of the Federal Rules of Civil Procedure on the basis of mistake." (Appellants' Appx. 9 at 4.) The court did not address, however, whether relief would have been available to the Trustee had he filed a Rule 60 motion.

confirmation hearing.'") (quoting *In re Cameron*, 274 B.R. 457, 460 (Bankr. N.D. Tex. 2002)); *Cline v. Welch (In re Welch)*, No. 97-5080, 1998 WL 773999, *3 (6th Cir. Oct. 11, 1998) (table opinion) ("We agree with the district court, however, that Cline cannot 'challenge whether the Plan was proposed in good faith or met the disposable income test.' Both of these issues could and should have been raised at confirmation and, thus, are barred under § 1327." (citation omitted)); *United States v. Shultz (In re Shultz)*, 347 B.R. 115, 2006 WL 1407466, *3 (B.A.P. 6th Cir. 2006) (table opinion) (order confirming plan is res judicata as to all justiciable issues which were or could have been decided at the confirmation hearing); *Salt Creek Valley Bank v. Wellman (In re Wellman)*, 322 B.R. 298, 301-02 (B.A.P. 6th Cir. 2004) (denying motion for relief from stay because "confirmation of a plan is res judicata as to those issues which were or could have been decided at the confirmation hearing").

Despite the binding effect of a confirmed plan, § 1329 provides that a confirmed plan may be modified at the request of a debtor, the trustee, or the holder of an allowed secured claim in order to "(1) increase or reduce the amount of payments on claims of a particular class provided for by the plan; (2) extend or reduce the time for such payments; (3) alter the amount of the distribution to a creditor whose claim is provided for by the plan . . . ; or (4) reduce amounts to be paid under the plan by the actual amount expended by the debtor to purchase health insurance . . . ." 11 U.S.C. § 1329(a). By its own terms, § 1329 sets forth no standard as to when post-confirmation modification is permitted. Given this absence and the res judicata effect of a confirmed plan, the courts have disagreed over whether a party seeking to modify a confirmed plan must establish as a threshold requirement a post-confirmation change in circumstances. *Compare Arnold v. Weast (In re Arnold)*, 869 F.2d 240, 243 (4th Cir. 1989) (requiring unanticipated, substantial changes in debtor's financial condition), *with Meza v. Truman (In re Meza)*, 467 F.3d 874, 878 (5th Cir. 2006); *Barbosa v. Soloman,* 235 F.3d 31, 41 (1st Cir. 2000)*; In re Witkowski,* 16 F.3d 739, 746 (7th Cir. 1994) (all holding no change in circumstances required). The Sixth Circuit Court of Appeals has not addressed the issue, but this Panel previously held in *Brown* that "§ 1329 does not contain a requirement for unanticipated or substantial change as a prerequisite to modification," although "the court may properly consider changed circumstances in the exercise of its discretion." *In re Brown*, 219 B.R. at 195. We suggested in *Brown* that § 1327 imposes no limits on modification under § 1329. *Id.* at 194 (citing *Witkowski* for the proposition that "Congress did not intend the common law

doctrine of res judicata to apply to § 1329 modifications," and affirming that "[t]he *Witkowski* court was correct in finding that the mechanism to change the binding effect of § 1327 is § 1329, which allows for modifications.").

Since our *Brown* decision, the First Circuit Court of Appeals addressed the issue in *Barbosa v. Soloman,* 235 F.3d at 41. The First Circuit adopted the Seventh Circuit's decision in *Witkowski* that § 1329 imposes no threshold requirement of changed circumstances, but modified the *Witkowski* approach somewhat to take in account the finality afforded final confirmation orders under §§ 1327 and 1330.[2] *Id.* "[P]arties requesting modifications of Chapter 13 plans must advance a legitimate reason for doing so, and they must strictly conform to the three limited circumstances set forth in § 1329." *Id.* (quoting *In re Barbosa*, 236 B.R. 540, 548 (Bankr. D. Mass. 1999)). Moreover, "motions to modify cannot be used to circumvent the appeals process for those creditors who have

---

[2] Section 1330 of the Bankruptcy Code provides:

(a) On request of a party in interest at any time within 180 days after the date of the entry of an order of confirmation under section 1325 of this title, and after notice and a hearing, the court may revoke such order if such order was procured by fraud.

(b) If the court revokes an order of confirmation under subsection (a) of this section, the court shall dispose of the case under section 1307 of this title, unless, within the time fixed by the court, the debtor proposes and the court confirms a modification of the plan under section 1329 of this title.

11 U.S.C. § 1330.

"Although not without controversy, it has been held that § 1330(a) is the exclusive remedy to upset an order of confirmation in a Chapter 13 case—Bankruptcy Rule 9024 (Rule 60 of the Federal Rules of Civil Procedure) is not an alternative basis for relief." Lundin, *Chapter 13 Bankruptcy* § 224.1 (3rd ed. 2007) (citing *Branchburg Plaza Assocs., L.P. v. Fesq (In re Fesq)*, 153 F.3d 113, 116-20 (3d Cir. 1998) (Creditor that failed to timely object to confirmation because of human error and a computer glitch cannot use Rule 9024 to circumvent the fraud requirement in § 1330)); *but see Cisneros v. United States (In re Cisneros)*, 994 F.2d 1462, 1466 (9th Cir. 1993) (concluding that § 1330 does not limit the power conferred upon the court by Rule 60(b) through Rule 9024).

At oral argument in the instant case, Debtors' counsel asserted that relief under Rule 9024 would not have been available to the Trustee in this case, not because relief was legally precluded by § 1330, but because the Trustee's mistake was a unilateral one, which unlike a mutual mistake is an insufficient basis for relief under Rule 9024. Because the bankruptcy court only referenced Rule 9024 in passing and did not base its decision on Rule 9024, it is unnecessary for us to determine in this appeal whether relief from the confirmation order would be available under this rule.

failed to object [to] confirmation of a Chapter 13 plan or whose objections to confirmation have been overruled." *Id.*

Also since our decision in *Brown*, the Sixth Circuit Court of Appeals has addressed modifications under § 1329 on three separate occasions and in each instance has reiterated the necessity of only permitting modifications that strictly fall within the parameters of § 1329, due in part to the binding effect of confirmation under § 1327. *See In re Parmenter*, 527 F.3d at 609-10 (In denying creditor's motion for payment of administrative expenses after chapter 13 debtor defaulted on lease payments paid directly by the debtor, court observed that under § 1327(a) the confirmed plan was binding on all parties and § 1329 does not allow reclassification of claim to be paid outside plan directly by the debtor to be paid inside the plan by the trustee.); *In re Adkins,* 425 F.3d at 305 (Given the binding effect of a confirmed plan under § 1327, the debtor had to continue paying secured creditor under plan notwithstanding sale of vehicle following creditor's stay relief motion because reclassification of claim was not permitted by § 1329.); *Chrysler Fin. Corp. v. Nolan (In re Nolan)*, 232 F.3d 528, 533 (6th Cir. 2000) (Debtor's proposed modification of confirmed chapter 13 plan to surrender secured creditor's collateral and reclassify the deficiency as unsecured was not permitted by § 1329 and would contravene § 1327(a).). In fact, the court observed in *Nolan* that § 1329 must be interpreted in conjunction with § 1327(a). *In re Nolan*, 232 F.3d at 530-31.

In addition to the Sixth Circuit's published decisions in *Parameter*, *Adkins*, and *Nolan*, the court of appeals has also specifically addressed the binding effect of a confirmed plan under § 1327(a) in *Welch*, an unpublished decision.[3] *See In re Welch*, 1998 WL 773999, *3. Although *Welch* did not involve an attempt to modify a confirmed plan under § 1329, the court's language regarding § 1327(a) is particularly instructive:

---

[3]Unpublished decisions of the Sixth Circuit do not constitute binding precedent.

However, they may constitute persuasive authority "especially where there are no published decisions which will serve as well." *In re Hess*, 209 B.R. 79, 82 n.3 (B.A.P. 6th Cir.1997) (citing *In re Braddy*, 195 B.R. 365, 370-71 (Bankr. E.D. Mich. 1996) ("[A]lthough the [Sixth Circuit] Court of Appeals does recognize that its unpublished decisions are not binding precedent in the same sense as published decisions, the [Sixth Circuit] does cite an unpublished decision when there is no published decision on point and the reasoning of the unpublished decision is found persuasive .")) *Hood v. Keller*, 229 Fed. App. 393, 398 n.5 (6th Cir. 2007); 6 Cir. R. Ap. Pro. 28 (g).

Section 1327(a) has been consistently interpreted as barring the relitigation of any issue which was decided or which *could have been decided* at confirmation. A leading bankruptcy authority has said that "the order confirming a chapter 13 plan represents a binding determination of the rights and liabilities of the parties as ordained by the plan," that it is "quite clear that the binding effect extends to any issue actually litigated by the parties and any issue necessarily determined by the confirmation order" and that the "*binding effect of the plan also bars creditors from raising, at the time of a motion for modification of the plan, issues that could have been raised at the time the plan was originally confirmed*."

*Id.* at *2 (internal citations omitted) (emphasis supplied). *See also In re Duke*, 153 B.R. 913, 918 (Bankr. N.D. Ala. 1993) (Section 1329 must be strictly and narrowly construed as an exception to the binding effect of § 1327(a).).

Based on the guidance of the foregoing cases, we conclude that § 1327 precludes modification of a confirmed plan under § 1329 to address issues that were or could have been decided at the time the plan was originally confirmed. *See In re Welch,* 1998 WL 773999, *2 n.1 ("Under 1327, . . . an issue is precluded if it *could have been decided* at confirmation, whether or not it was actually decided."); 8 *Collier on Bankruptcy* ¶ 1329.03 (15th ed. rev. 2008) ("A trustee . . . may not raise as grounds for modification under [§ 1329] facts that were known and could have been raised in the original confirmation proceedings, because the order of confirmation must be considered *res judicata* as to that set of circumstances."). The practical impact of this conclusion is that modification under § 1329(a) will be limited to matters that arise post-confirmation. As explained by the court of appeals in *Barbosa*, "Congress saw fit to allow the trustee and holders of unsecured claims to seek an amendment to the confirmed plan in order to carry the ability-to-pay standard forward in time, allowing upward or downward adjustment of plan payments in response to changes in the debtor's financial circumstances which affect his/her ability to make payments." *Barbosa v. Soloman*, 235 F.3d at 40 (citing *Oversight Hearings on Personal Bankruptcy Before the Subcommittee on Monopolies and Commercial Law of the Committee on the Judiciary, House of Representatives,* 97th Cong., 1st and 2nd Sess. 22-23 (1981-1982)); *see also In re Meza*, 467 F.3d at 877 ("Modification [under 1329] is based on the premise that, during the life of the plan, circumstances may change, and parties should have the ability to modify the plan accordingly."); *Green Tree Acceptance, Inc. v. Bryant (In re Hoggle)*, 12 F.3d 1008, 1011 (11th Cir. 1994) ("Congress designed § 1329 to permit modification of a plan due to changed circumstances of the debtor unforeseen at the time of confirmation.").

Applying this standard to the present case, we conclude that the bankruptcy court abused its discretion in granting the Trustee's Motion to Modify because the court's decision was based on an erroneous view of the law. The bankruptcy court concluded that the "Debtors['] Plan must be modified to increase the dividend from 7% to 50%, so that the Plan will meet the applicable commitment period that is required under § 1325." Implicit in this holding is that the Plan did not satisfy the requirements of § 1325(b) when the order confirming it was entered and, therefore, the Plan could not have been confirmed. But § 1325(b) provides in pertinent part:

> *If the trustee or the holder of an allowed unsecured claim objects to the confirmation of the plan, then the court may not approve the plan*, unless, as of the effective date of the plan—
>> (A) the value of the property to be distributed under the plan on account of such claim is not less than the amount of such claim; or
>>
>> (B) the plan provides that all of the debtor's projected disposable income to be received in the applicable commitment period beginning on the date that the first payment is due under the plan will be applied to make payments to unsecured creditors under the plan.

11 U.S.C. § 1325(b)(1) (emphasis supplied). If no objection to confirmation is interposed, the plan may be confirmed regardless of "the applicable commitment period." *See In re Braune*, 385 B.R. 167, 171 (Bankr. N.D. Tex. 2008) (If no objection to confirmation is interposed, the plan may be confirmed whether or not it satisfies § 1325(b)(1).); *In re Torres*, 193 B.R. 319, 321 (Bankr. N.D. Cal. 1996) ("By its own terms, [§ 1325(b)(1)(B)] is not invoked unless an objection to confirmation is made by one statutorily authorized to do so (the Trustee or an unsecured creditor with an allowed claim).").

Regardless of whether the Plan as originally confirmed failed to satisfy the requirements of § 1325(b)(1), no timely objection was raised. The fact that the Trustee's failure to object was because of his mathematical miscalculation or due to the unsettled law regarding the meaning of "applicable commitment period" is of no avail. The required plan length was an issue that could have been decided at confirmation had the Trustee or an unsecured creditor with an allowed claim objected. As such, the Trustee is barred from now raising the issue by means of a plan modification under § 1327(a). *See In re Welch*, 1998 WL 773999, *2-3. Accordingly, we find it was error for the bankruptcy court to grant the Trustee's Motion to Modify.

## V. CONCLUSION

For the reasons set forth above, the decision of the bankruptcy court is REVERSED.