In Re Johnnie MORROW, Debtor.

No. 07–10684.

United States Bankruptcy Court,
N.D. Ohio,
Eastern Division.

Dec. 12, 2008.

Charles J. Van Ness, Mayfield Heights, OH, for Debtor.

### MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Bankruptcy Judge.

Before the Court is the motion of Debtor, Johnnie Morrow ("Debtor") to modify the interest rate of the secured claim of Huntington National Bank (the "Bank") in Debtor's confirmed plan of repayment, pursuant to § 1329(a)(3) of the Bankruptcy Code. 11 U.S.C. § 1329(a)(3). The Bank objects on the basis the Debtor cannot modify her confirmed plan in contradiction to the terms of the parties' Agreed Order.

This Court acquires core matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a), (b)(1), (b)(2), 28 U.S.C § 1334 and General Order No. 84 of the District.

Upon examination of the parties' respective motions and supporting documentation, and a review of the record, the Court rules as follows:

\*

The Bank is a secured creditor in the Debtor's bankruptcy case with a claim in

the amount of $14,732.01. In her amended plan, Debtor proposed paying 8.25% interest on $10,000 and 0% interest on the remaining $4,732.01. The Bank objected, asserting that it was entitled to a 10.25% interest rate on its entire claim, which was the contractual interest rate (the prime rate plus a 2% margin). In response, Debtor filed an objection to the Bank's claim. The parties subsequently submitted an Agreed Order ("Order") for entry, wherein the Order provided that the Bank's "claim shall be paid as fully secured inside the plan in the amount of $14,732.01, plus 10.25% annual post-petition interest." Shortly thereafter, the Debtor's amended plan was confirmed (the "Plan").

\* \*

The issue before this Court is whether the Debtor may modify the interest rate of the Bank's secured claim post-confirmation pursuant to § 1329 of the Bankruptcy Code.

\* \* \*

In the present motion, Debtor seeks to reduce the interest rate of the Bank's secured claim in her Plan from 10.25% to 7%. Debtor alleges that the Agreed Order reflected the parties' intentions that the interest rate on the Bank's claim would be the contractual interest rate, the bank prime rate plus a 2% premium. At the time of the Agreed Order, the prime rate was 8.25%. According to the Debtor, the prime rate has decreased to 5%; therefore, the interest rate on the Bank's secured claim should be adjusted downwards to 7%.

Debtor also alleges that this Court's opinion, dated June 26, 2007, requires that the interest rate of the Bank's secured claim be the interest rate on the underlying security agreement and note (i.e. contract rate) signed by the Debtor. On the contrary, the Court did not determine the interest rate on the Bank's claim, but, instead, held that the Bank's mere asser-

tion that the interest rate should be 10.25% without any supporting authority, was insufficient.

The Bank opposes the relief sought on the basis that the parties previously negotiated the terms of the Bank's secured claim, which terms were memorialized in the Agreed Order. The Bank alleges that the res judicata doctrine bars Debtor from altering the terms of the Agreed Order.

\* \* \* \*

■ Modification of a plan after confirmation is set forth in § 1329 and provides:

(a) At any time after confirmation of the plan but before the completion of payments under such plan, the plan may be modified, upon request of the debtor, the trustee, or the holder of an allowed unsecured claim, to

(1) increase or reduce the amount of payments on claims of a particular class provided for by the plan;

(2) extend or reduce the time for such payments;

(3) alter the amount of the distribution to a creditor whose claim is provided for by the plan to the extent necessary to take account of any payment of such claim other than under the plan; or

(4) reduce amounts to be paid under the plan by the actual amount expended by the debtor to purchase health insurance for the debtor (and for any dependent of the debtor if such dependent does not otherwise have health insurance coverage) if the debtor documents the cost of such insurance and demonstrates that—

(b)(1) Sections 1322(a), 1322(b), and 1323(c) of this title and the requirements of section 1325(a) of this title apply to any modification under subsection (a) of this section.

(2) The plan as modified becomes the plan unless, after notice and a hearing, such modification is disapproved.

(c)A plan modified under this section may not provide for payments over a period that expires after the applicable commitment period under section 1325(b)(1)(B) after the time that the first payment under the original confirmed plan was due, unless the court, for cause, approves a longer period, but the court may not approve a period that expires after five years after such time.

11 U.S.C, § 1329.

The effect of a plan after confirmation is set forth in § 1327 and provides:

(a) The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.

(b) Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor.

(c) Except as otherwise provided in the plan or in the order confirming the plan, the property vesting in the debtor under subsection (b) of this section is free and clear of any claim or interest of any creditor provided for by the plan.

11 U.S.C. § 1327.

■ A plan confirmed under § 1327(a) has binding effect on a debtor and the debtor's creditors. The Sixth Circuit has determined in *Cline v. Welch (In re Welch)*, No. 97–5080, 1998 WL 773999, *3 (6th Cir. Oct. 11, 1998)[1] that § 1327 bars the relitigation of any issue which has been or could have been decided at confirmation. Although *Welch* did not involve an attempt to modify a confirmed plan under § 1329, the court cited the opinion

of a leading bankruptcy authority on the effect of a confirmed plan and any proposed modifications to such a plan:

'The order confirming a Chapter 13 plan represents a binding determination of the rights and liabilities of the parties as ordained by the plan'... and 'that the binding effect of the plan also bars creditors from raising, at the time of a motion for modification of the plan, issues that could have been raised at the time the plan was originally confirmed.'

*Id.* at *2, citing *8 Collier on Bankruptcy*, ¶ 1327.02 at 1327–3 (15th ed.1998).

Herein, Debtor and the Bank have negotiated the interest rate of the Bank's secured claim prior to confirmation of Debtor's plan. As a result of their discussions, the parties submitted their proposed Order, which was approved by the Court. Since the issue regarding the interest rate on the Bank's claim was previously decided, the Plan cannot be modified to decrease the interest rate owed to the Bank in contradiction of § 1327.

The preclusive effect of § 1327 was previously explained by this Court in *In re Thaxton*, 335 B.R. 372 (Bankr.N.D.Ohio 2005), which provides:

The purpose of section 1327(a) is the same as the purpose served by the general doctrine of res judicata. There must be finality to a confirmation order so that all parties may rely upon it without concern that actions which they may thereafter take could be upset because of a later change or revocation of the order.

*Id.* at 374 (citation omitted).

■ This does not mean that a debtor may not modify a confirmed plan under any circumstance. Section 1329 explicitly allows for modification after a plan has been confirmed. However, the Sixth Cir-

---

**1.** Unpublished opinion.

cuit's B.A.P. in *In re Storey,* 392 B.R. 266 (6th Cir.BAP2008) reconciled § 1327 with § 1329, by "conclud[ing] that § 1327 precludes modification of a confirmed plan under § 1329 to address issues that were or could have been decided at the time the plan was originally confirmed." *Id.* at 272. Other Circuits are in accord. See *In re Enewally,* 368 F.3d 1165, 1172 (9th Cir. 2004); *Cen–Pen Corp. v. Hanson,* 58 F.3d 89, 93 (4th Cir.1995); and *In re Layo,* 460 F.3d 289, 293 (2d Cir.2006). Although Debtor alleges that the Order evinces the intent of the parties that the interest rate on the Bank's claim is based on the prime rate, the Order does not explicitly provide for such adjustment of the interest rate. The Order merely states that the "claim shall be paid as fully secured inside the plan in the amount of $14,732.01, plus 10.25% annual post-petition interest." (Agreed Order, Docket # 38). If the interest rate was subject to change, it should have been set forth in the Order. By arguing that the interest rate should now be adjusted, Debtor is essentially relitigating an issue that was previously negotiated in the Order. The Bank is entitled to rely on the finality of the terms in the Plan.

Debtor cites § 1329(a)(3) for authority to modify her confirmed plan, which provides that the amount of distribution to a creditor under a plan may be altered to account for payments made to such creditor other than under the plan. 11 U.S.C. 1329(a)(3). This section is inapplicable because Debtor is not alleging she has made additional payments to the Bank outside the plan. Rather, Debtor is seeking to reduce the interest rate of the Bank's claim based on the occurrence of events after the confirmation of her plan, namely a change in the financial markets. It can hardly be said that a change in the bank prime rate is a change in the Debtor's financial circumstances as this change is not unique to the Debtor.

Lastly, § 1329 permits only a debtor, trustee, and unsecured creditors to bring a motion to modify a confirmed plan. Herein, if the bank prime rate was to increase, the Bank would not have standing to move for modification of the interest rate on its secured claim to a higher rate. Since the Bank is bound to the Plan's terms notwithstanding any increases in the bank prime rate, the Debtor should also be bound to such Plan when there is a decrease in said rate. See *Chrysler Fin. Corp. v. Nolan (In re Nolan),* 232 F.3d 528, 534 (6th Cir.2000); *Ruskin v. DaimlerChrysler Servs. N. Am., LLC (In re Adkins),* 425 F.3d 296, 302 (6th Cir.2005); and *Ford Motor Credit Co. v. Parmenter (In re Parmenter),* 527 F.3d 606, 609 (6th Cir.2008). Further, the *Storey* Court opined that the Sixth Circuit "only permit[s] modifications that strictly fall within the parameters of § 1329, due in part to the binding effect of confirmation under § 1327." *In re Storey,* 392 B.R. at 271. See also, *Barbosa v. Soloman,* 235 F.3d 31, 41 (1st Cir.2000). Upon a careful review of § 1329 in its entirety, the Debtor is not entitled to relief under the other subsections of § 1329.

\* \* \* \* \* \*

Accordingly, the Debtors' motion to modify is hereby denied. The objection of Huntington National Bank is sustained. Each party is to bear its respective costs.

IT IS SO ORDERED.

### JUDGMENT

A Memorandum Of Opinion And Order having been rendered by this Court in this matter.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that the Debtor's motion for modification of her confirmed plan pursuant to 11 U.S.C. § 1329(a)(3) is hereby denied. The objection of Huntington National Bank is sus-

tained. Each party is to bear its respective costs.

**IT IS SO ORDERED.**