# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

_____

No. 11-6037

_____

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Norman Dale Johnson; | * | |
| Paulette Kay Johnson, | * | |
| | * | |
| Debtors. | * | |
| | * | |
| Norman Dale Johnson; | * | Appeal from the United States |
| Paulette Kay Johnson, | * | Bankruptcy Court for the |
| | * | Western District of Missouri |
| Debtors - Appellants, | * | |
| | * | |
| v. | * | |
| | * | |
| Richard Fink, | * | |
| | * | |
| Trustee - Appellee. | * | |

_____

Submitted: October 13, 2011
Filed: November 2, 2011

_____

Before KRESSEL, Chief Judge, SALADINO, and NAIL, Bankruptcy Judges.

_____

SALADINO, Bankruptcy Judge.

This is an appeal from an order of the bankruptcy court[1] dated May 23, 2011, overruling the debtors' objection to confirmation of their post-confirmation amended Chapter 13 plan.[2] For the reasons stated below, we affirm.

<u>FACTS AND PROCEDURAL HISTORY</u>

On December 18, 2009, Mr. and Mrs. Johnson filed a Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Western District of Missouri. Their Chapter 13 plan was confirmed without objection on February 23, 2010. The confirmed plan required Mr. and Mrs. Johnson to pay to the Chapter 13 trustee $1,890.00 per month for a period of 60 months. The plan payment was based on Mr. and Mrs. Johnson's disposable income as set forth in Schedules I and J. Their income included $1,962.00 of Social Security income for Mr. Johnson and $724.00 for Mrs. Johnson. It also included Mr. Johnson's employment income, pension income, and income from a second job.

Approximately one year after filing, Mr. Johnson lost his second job, which reduced his monthly income by $1,240.00. Thereafter, Mr. and Mrs. Johnson filed amended Schedules I and J, which schedules revealed that they had $935.92 of disposable income. On December 27, 2010, Mr. and Mrs. Johnson filed a post-confirmation amended plan which proposed reducing their payments to $100.00 per month. The trustee objected for failure to include all of their disposable income in the

---

[1]The Honorable Dennis R. Dow, Chief Judge, United States Bankruptcy Judge for the Western District of Missouri.

[2]As discussed in our Order dated July 15, 2011, denying the trustee's motion to dismiss this appeal, the Johnsons *should* have appealed from the bankruptcy court's June 7, 2011, confirmation order rather than the earlier order overruling their objection to confirmation. We found the notice of appeal to be sufficient under Federal Rule of Bankruptcy Procedure 8002(a) and that the intent to appeal the confirmation of their plan was clear from the record.

plan. In support of their amended plan, Mr. and Mrs. Johnson argued that their Social Security income should be excluded in calculating their required plan payments. *Fink v. Thompson (In re Thompson)*, 439 B.R. 140, 142 (B.A.P. 8th Cir. 2010) ("The plain language of the Bankruptcy Code specifically excludes Social Security income from a debtor's required payments in a Chapter 13 plan.").

On February 14, 2011, the bankruptcy court[3] sustained the trustee's motion to deny confirmation stating that the post-confirmation amended plan was not proposed in good faith. The court determined that at the time of the modification, the Johnsons had a mixture of earned income (50%) and Social Security income (50%) and that the modification only proposed paying the trustee $100.00 per month despite net income of $935.00 per month. The court held that the proposal did not "demonstrate a good faith plan to pay the Debtors' debts."[4]

Mr. and Mrs. Johnson requested leave to file an interlocutory appeal of the order denying confirmation, but that motion was denied. Then, following the procedures established by the Eighth Circuit Court of Appeals in *Zahn v. Fink (In re Zahn)*, 526 F.3d 1140, 1143 (8th Cir. 2008), Mr. and Mrs. Johnson filed a second amended plan containing terms that the bankruptcy court indicated it would confirm, and then objected to their own plan. The trustee also objected, asserting that the plan payment should reflect Mr. and Mrs. Johnson's disposable income of $935.92 under their amended schedules following the loss of Mr. Johnson's second job. The

---

[3]The Honorable Jerry W. Venters, United States Bankruptcy Judge for the Western District of Missouri.

[4]The bankruptcy court said: "The Court finds that this proposal does not demonstrate a good faith plan to pay the Debtors' debts. Social Security benefits are intended to pay the recipients' basic living needs. The Debtors have chosen a lifestyle that exceeds their Social Security benefits. Therefore, their disposable earned income should be devoted to at least partial repayment of their debts."

bankruptcy court overruled both objections and confirmed the plan, which provided for a $500.00 monthly payment. Mr. and Mrs. Johnson appeal.[5]

## STANDARD OF REVIEW

The bankruptcy court's findings of fact are reviewed for clear error and its conclusions of law are reviewed *de novo*. *First Nat'l Bank of Olathe v. Pontow*, 111 F.3d 604, 609 (8th Cir. 1997). The bankruptcy court's decision whether to grant or deny a motion to modify a confirmed plan is reviewed for an abuse of discretion. *Murphy v. O'Donnell (In re Murphy),* 474 F.3d 143, 149 (4th Cir. 2007); *Storey v. Pees (In re Storey),* 392 B.R. 266, 268 (B.A.P. 6th Cir. 2008). The bankruptcy court abuses its discretion when it fails to apply the proper legal standard or bases its order on findings of fact that are clearly erroneous. *Stalnaker v. DLC, Ltd.*, 376 F.3d 819, 825 (8th Cir. 2004).

## DISCUSSION

Mr. and Mrs. Johnson identify the issue involved in this appeal as "whether Social Security benefits should be included in the definition of disposable income for purposes of calculating plan payments." While that may have been a correct statement of the issue involved in the case of *Thompson*, it is not a correct statement of the issue involved in this appeal. Instead, the sole issue involved in this appeal is the extent to which Mr. and Mrs. Johnson may modify the payments set forth in a confirmed plan.

Section 1327(a) of the Bankruptcy Code states that the provisions of a confirmed plan bind the debtor and each creditor. But, § 1329(a) provides that at any time after confirmation but before completion of payments, the plan may be modified upon the request of the debtor, the trustee, or the holder of an unsecured claim to

---

[5]The trustee did not appeal the denial of his objection.

increase or reduce payments. Notwithstanding the broad language of the Code, the right to modify a plan under § 1329 has been interpreted by most courts as being limited to situations where there has been a substantial change in circumstances. *See, e.g.*, *Murphy v. O'Donnell (In re Murphy)*, 474 F.3d 143, 149 (4th Cir. 2007) (holding that a party seeking plan modification must demonstrate a substantial and unanticipated post-confirmation change in financial condition); *Educ. Assistance Corp. v. Zellner*, 827 F.2d 1222, 1226 (8th Cir. 1987) (stating in dicta that a Chapter 13 plan may be modified if "a substantial change in [the debtor's] ability to pay" can be shown); *In re Mattson*, ___ B.R. ___, Case No. 10–50455–BDL, 2011 WL 3798844, at *6 (Bankr. W.D. Wash. Aug. 26, 2011) (holding that a modification under § 1329 requires a movant to "show that there has been a substantial change in the debtor's circumstances since the time of confirmation which was unanticipated or otherwise could not be taken into account at the time of the confirmation hearing, and that the change in the plan correlate[s] to the change in circumstances"); *In re Hutchinson*, 449 B.R. 403, 406 (Bankr. W.D. Mo. 2011) (agreeing with other courts that have required debtors to "demonstrate a substantial unanticipated change in circumstances in order to seek modification of the plan."); *In re Savage*, 426 B.R. 320, 324 (Bankr. D. Minn. 2010) ("Any modification that would reduce a debtor's payment obligations and creditors' distribution rights must be supported by a material, adverse change in the debtor's financial circumstances, that took place after the confirmation of the original plan.").

Mr. and Mrs. Johnson argue, and the trustee agrees, that Mr. Johnson's loss of his second job income of $1,240.00 per month represents a substantial change in circumstances entitling Mr. and Mrs. Johnson to modify their plan under § 1329 to reduce their payments. They disagree, however, on the modified payment amount. The trustee also agreed with Mr. and Mrs. Johnson that if a prior plan had not already been confirmed, Mr. and Mrs. Johnson's Social Security income could not be factored into their plan payment under *Thompson*. Of course, that is not the case here as Mr. and Mrs. Johnson already had a previously confirmed plan. The parties differ on what

action can be taken when there has been a material change in circumstances *after* a plan has been confirmed.

Mr. and Mrs. Johnson feel that once they are able to show a substantial change in circumstances, the entire plan is open for modification, including aspects of the plan that were not affected by the change in circumstances. The trustee, on the other hand, asserts that the modification can only reflect the change in circumstances; otherwise, the res judicata effect of the plan is compromised.

We agree with the trustee that when a confirmed plan is modified to reduce payments under 11 U.S.C. § 1329(a) due to a substantial change in financial circumstances, the modification must correlate to the change in circumstances. *Savage,* 426 B.R. at 324 (stating that in order to comply with the "good faith" requirement of § 1325(a)(3), which is made applicable to plan modifications by § 1329(b)(1), "the required change in financial circumstances should be directly resonant with the nature of the proposed modification"); *Mattson*, 2011 WL 3798844, at *6. The *Mattson* court noted the necessity of a thorough review of plan requirements at the confirmation stage and suggested that proposed modifications which do not directly correlate to the changes in a debtor's circumstances circumvent the responsibilities inherent in the confirmation process.

Here, Mr. and Mrs. Johnson voluntarily contributed all of their disposable income, including their Social Security income, toward their original plan payment. That plan was confirmed without objection or appeal, and they operated under that plan for almost a year. The provisions of the Bankruptcy Code excluding Social Security income from the definition of "current monthly income" have not changed since the date Mr. and Mrs. Johnson filed their bankruptcy case. Mr. and Mrs. Johnson could have litigated whether they were required to include their Social Security income at the time they proposed their original plan, but did not do so.

Indeed, they proposed a plan payment that required the contribution of all of their net income, including their Social Security income.

Once confirmed, the plan is binding on the debtor. 11 U.S.C. § 1327(a). The debtor is bound by the terms of that plan unless the plan is modified and approved by the court under 11 U.S.C. § 1329(a) after a substantial change in circumstances. To be approved, a modification of the plan must correlate to the change in the circumstances. Otherwise, the binding effect of the plan would be undermined.

DECISION

Mr. and Mrs. Johnson's proposed reduction in their plan payment from $1,890.00 per month under their original confirmed plan to $100.00 per month is not reflective of their loss of income in the amount of $1,240.00 per month. The bankruptcy court did not abuse its discretion in overruling their objection and confirming the plan.[6] We affirm the decision of the bankruptcy court.

––––––––––––

––––––––––––

[6]The modified plan payment of $500.00 per month approved by the bankruptcy court is somewhat less than the payment would be if only the loss of the second job income were considered, but the trustee did not appeal confirmation of the amended plan, and that issue is not before us.