# United States Bankruptcy Appellate Panel

## For the Eighth Circuit

_____

No. 22-6006

_____

In re: Steven L. Swackhammer, doing business as Swackhammer Farms, doing business as Swackhammer, Inc.; Michele M. Swackhammer

*Debtor*s

------------------------------

Farm Credit Services of America, PCA

*Creditor - Appellant*

v.

Steven L. Swackhammer; Michele M. Swackhammer

*Debtors - Appellees*

Carol Dunbar

*Trustee - Appellee*

_____

Appeal from United States Bankruptcy Court
for the Southern District of Iowa - Des Moines

_____

Submitted: April 17, 2023
Filed: May 23, 2023

_____

Before DOW, Chief Judge, SURRATT-STATES and NORTON, Bankruptcy Judges.

_____

NORTON, Bankruptcy Judge.

After the bankruptcy court allowed chapter 12 debtors – several years in a row – to modify their confirmed plan over the objection of their primary secured creditor, that creditor appealed. The issues before us are whether the bankruptcy court abused its discretion by confirming the debtors' fourth modified plan under 11 U.S.C. § 1229 without requiring the debtors to show an "unanticipated and substantial change in circumstances" and whether, under whatever standard applicable to plan modifications, the court's factual findings were clearly erroneous. Under the circumstances of this case, we affirm.[1]

### *Background*

Family farmers and appellees Steven and Michele Swackhammer filed their chapter 12 bankruptcy petition in September 2018. After lengthy and contested proceedings with several creditors, including secured creditor and appellant Farm Credit Services of America, PCA, the Swackhammers confirmed a consensual second modified plan a year later, in September 2019.

Thereafter, in both February 2020 and February 2021, the Swackhammers moved to modify their confirmed plan to extend the time under the plan to make payments to Farm Credit and two other secured creditors. Each time, the Swackhammers alleged their circumstances had changed substantially, due to abnormally wet weather, equipment failure, employee illness, or losses in farmed acreage from delayed financing. Each time, Farm Credit objected, arguing that the Swackhammers had failed to show a substantial, unanticipated change in circumstances. Each time, the bankruptcy court rejected Farm Credit's arguments and confirmed the modified plans. Transcripts of those hearings are not in the record on appeal. We cannot in any event revisit the bankruptcy court's grounds for approving the 2020 and 2021 plan modifications – under whatever factual and legal

---

[1] The Honorable Lee M. Jackwig, Judge of the United States Bankruptcy Court for the Southern District of Iowa.

grounds those rulings were premised upon – since those orders are final and nonappealable.

A year after the 2021 modification, in March 2022, the Swackhammers filed a motion to approve a third modified plan to again extend the deadline for payments to Farm Credit and other creditors. The Swackhammers alleged that modification was necessary due to an unforeseen loss in revenue from the 2021 crops. For the first time, the Swackhammers also argued in a footnote that nothing in § 1229 required they prove any change in circumstances.

Farm Credit again objected. Farm Credit pointed out that the Swackhammers had yet to timely make their annual plan payments without modification. Farm Credit argued that the bankruptcy court by then had three years of evidence that none of the Swackhammers' plans were feasible. Farm Credit urged the court again to require the Swackhammers to show that their revenue loss was due to a substantial and unanticipated change in circumstances and, if not, to deny the modification. In the meantime, both Farm Credit and the chapter 12 trustee filed motions to dismiss the bankruptcy case.

The bankruptcy court held an evidentiary hearing on the Swackhammers' proposed plan modification and the motions to dismiss in May 2022. The parties by agreement admitted certain exhibits and Mr. Swackhammer was the only witness who testified. As will be discussed in more detail below, Mr. Swackhammer's testimony is confusing about which events necessitated the March 2022 modification; when those events occurred; and whether those events were unanticipated. In particular, the record is unclear about whether the undisputed delay in obtaining financing for the 2022 crop year was unanticipated or was the result of events in prior years. Also confusing was Mr. Swackhammer's testimony about an earlier bout with cancer and what role his health played in why the Swackhammers needed more time to make plan payments. Mr. Swackhammer testified, however, that he was proposing to sell part of their homestead in two transactions and would commit the sale proceeds to make plan payments.

The chapter 12 trustee in closing argument told the court that the modified plan as proposed in the motion was not feasible. But with what she termed were the "oral modifications" to the plan based on Mr. Swackhammer's agreement to sell land, she thought the plan as orally modified would be feasible with some additional payments into the plan.

The bankruptcy court responded that the trustee must have been "reading my mind." Addressing Farm Credit's counsel, the court acknowledged that, while Farm Credit might not agree, it had been a "busy case" and "we did have some what I would consider unusual events occur." The bankruptcy court noted that "certainly the issues that were presented the first year were a problem" and that "we [then] all went into a pandemic for the better part of two years – that has an impact on things." The court said it did not interpret § 1229 as requiring a showing of substantial and unanticipated change of circumstances but added, "[a]nd now with the additional information about the cancer that Mr. Swackhammer has been dealing with. . . even if I agreed with the standard, [Farm Credit] would not prevail under the facts that are in front of me." The court denied the motions to dismiss and the motion to modify. The court directed the parties to discuss whether they could agree to the terms of a fourth modified plan. The court's order was not appealed.

The Swackhammers filed a fourth motion to modify after the parties failed to reach an agreement. Farm Credit again objected on the same feasibility and no-unanticipated-substantial-change-in-circumstances grounds. The court set the motion for a telephonic hearing.

At the hearing, the chapter 12 trustee stated that she believed the fourth modified plan could be confirmed, provided that the Swackhammers paid in some additional funds. The Swackhammers' counsel responded that the Swackhammers were aware they needed to make additional plan contributions and that counsel was willing to waive his unpaid fees to make the plan feasible. Farm Credit's counsel, while admitting that Farm Credit had received its share of the payments derived from the first land sale as anticipated from the May 2022 hearing, argued that the plan was still not feasible and again urged the court to reconsider its interpretation of § 1229.

4

The court at the conclusion of the hearing overruled Farm Credit's objection and confirmed the Swackhammers' fourth modified plan. Expressing its concerns about feasibility, however, the court ordered that if the Swackhammers failed to comply with any terms of the fourth modified plan, then, upon the chapter 12 trustee's filing of an affidavit showing default, the case would be dismissed without further notice or hearing. Farm Credit appealed. At oral argument, the parties acknowledged that the Swackhammers were current on the payments due under the fourth modified plan.

## *Jurisdiction & Standard of Review*

At the threshold, we agree with the parties that we have jurisdiction over this appeal given that an order confirming a plan over an objection is a final order and that we have jurisdiction over appeals from final orders. 28 U.S.C. § 158(a)(1); *Bullard v. Blue Hills Bank*, 575 U.S. 496, 500-01 (2015) (discussing finality of an order denying confirmation of a chapter 13 plan). We do not agree with the parties, however, about the standard of review.

The parties assert our standard of review is de novo, citing *In re Kraus*, 261 B.R. 218 (B.A.P. 8th Cir 2001). *Kraus*, however, involves an appeal from a plan confirmed under § 1225(a) ("the court *shall* confirm a plan"), not a modified plan confirmed under § 1229(a) ("the plan *may* be modified") (emphasis added). Since confirmation of a modified plan is discretionary, *In re Olsen*, 861 F.2d 188, 189 (8th Cir. 1988), we review orders granting or denying a motion to modify a confirmed plan for "abuse of discretion." *In re Johnson*, 458 B.R. 745, 747 (B.A.P. 8th Cir. 2011) (citing *Murphy v. O'Donnell (In re Murphy)*, 474 F.3d 143, 149 (4th Cir. 2007)). A bankruptcy court abuses its discretion when it fails to apply the proper legal standard or bases its order on findings of fact that are clearly erroneous. *Johnson*, 458 B.R. at 748 (citing *Stalnaker v. DLC, Ltd.*, 376 F.3d 819, 825 (8th Cir. 2004)).

Factual findings – such as whether a plan is feasible – are reviewed for clear error. *See In re Ahlers*, 794 F.2d 388, 398 (8th Cir. 1986), *rev'd on other grounds*,

5

*Norwest Bank Worthington v. Ahlers*, 485 U.S. 197 (1988). *Accord In re Gentry*, 807 F.3d 1222, 1225 (10th Cir. 2015) ("Because a plan's feasibility is a question of fact, we review for clear error."). "To be clearly erroneous, a decision must strike us as more than just maybe or probably wrong; it must . . . strike us as wrong with the force of a five-week-old, unrefrigerated dead fish." *Kaplan v. Mayo Clinic*, 847 F.3d 988, 992 (8th Cir.) (citations omitted), *cert. denied*, 138 S. Ct. 203 (2017) (mem.).

## *Discussion*

Farm Credit urges this court to adopt an interpretation of § 1229 that would require debtors to show "unanticipated, substantial change in circumstances" before confirming a proposed modified plan. Numerous courts apply such a standard, Farm Credit points out, although the Eighth Circuit has not addressed the issue, according to Farm Credit. Farm Credit argues that such a standard would balance the need for finality of confirmed plans with the need of family farmers to have flexibility. Otherwise, Farm Credit argues, plan modifications will devolve into a process of "annual moving negotiations" every time a debtor defaults on a confirmed plan. The Swackhammers contend the court properly applied § 1229 based on its plain language. They likewise point to numerous bankruptcy courts that apply § 1229 on its terms without reading any additional requirements in to the statute.

As relevant in this case, § 1229(a)(2) provides that, "[a]t any time after confirmation of the plan but before the completion of payments under such plan, the plan may be modified, on request of the debtor, the trustee, or the holder of an unsecured claim . . . to extend the time for payments," among other permitted modifications (such as increasing or reducing payments under § 1229(a)(1)). Section 1229(b) requires that modified plans comply with the requirements of §§ 1222(a) and 1222(b) (governing contents of plans); 1223(c) (governing plan modifications before confirmation) and 1225(a) (governing when a plan shall be confirmed).

Compliance with § 1225(a) means that, among other requirements, the court must find that the debtor "will be able to make all payments under the plan and to comply with the plan" – the so-called feasibility requirement of § 1225(a)(6). The

6

language in § 1229 is nearly identical to that governing modification of chapter 13 plans under § 1329 and is similar to modification of chapter 11 plans in § 1127(b). All three chapters contain a provision that makes the terms of any confirmed plan binding on the debtor, creditors, and other parties in interest. *Compare* §§ 1141(a), 1227(a), and 1327(a).

It is true that courts are split on the interpretation of § 1229(a) (and its counterpart in chapter 13, § 1329(a)) and that the Eighth Circuit has not directly addressed the issue. But this court has spoken in the context of a chapter 13 plan modification in a case neither party cited to the bankruptcy court or to this court: *In re Johnson*, 458 B.R. 745 (B.A.P. 8th Cir. 2011).

In *Johnson*, this court held that modification of a confirmed chapter 13 plan should be limited to situations in which there has been "*a substantial change in circumstances.*" *Id*. at 748 (emphasis added) (*citing In re Murphy*, 474 F.3d at 149 (holding that a party seeking plan modification must demonstrate a substantial and unanticipated post-confirmation change in financial condition) (additional citations omitted). The *Johnson* court also held that when a confirmed plan is modified to reduce (as opposed to extending) payments under § 1329(a)(1) due to a substantial change in circumstances, the modification must correlate to the change in circumstances. *Id*. at 749.

*Johnson* also cited to dicta in an earlier Eighth Circuit case, *Educ. Assistance Corp. v. Zellner*, 827 F.2d 1222 (8th Cir. 1987). The *Zellner* court addressed whether the bankruptcy court erred in confirming a chapter 13 debtor's plan under § 1325(a) over the objection of an unsecured creditor. In affirming the bankruptcy court, the Eighth Circuit commented that the plan could later be modified by the creditor if "a substantial change in [the debtor's] ability to pay" could be shown. *Id.* at 1226. *But see Laughlin v. U.S.I.R.S.*, 912 F.2d 197, 203 (8th Cir.) (Magill, J., dissenting) (stating that at any time after confirmation a chapter 13 debtor has "an absolute right" to request modification of the plan under § 1329(a)), *rehearing and rehearing en banc denied* (Sept. 25, 1990), *cert. denied*, 498 U.S. 1120 (1991). Farm Credit cited

7

*Zellner* during its arguments to the bankruptcy court, but the court rejected *Zellner's* dicta as being a "stretch."

This court disagrees that relying on *Zellner's* dicta is a "stretch." Appellate courts in the Eighth Circuit are directed to give deference to a higher court's dicta. *In re Belew*, 588 B.R. 875, 878 (B.A.P. 8th Cir. 2018), *aff'd*, 943 F.3d 395 (8th Cir. 2019). More importantly, this panel is bound by our previous decisions, just as the Court of Appeals for the Eighth Circuit is bound by its prior decisions. *In re Pfleghaar*, 215 B.R. 394, 396 (B.A.P. 8th Cir. 1997) (citations omitted). Both the Eighth Circuit's dicta in *Zellner* and the BAP's holding in *Johnson* compel us to conclude that a "substantial change of circumstances" is required to justify a plan modification. *But see In re Witkowski*, 16 F.3d 739 (7th Cir. 1994) (plain language of § 1329 does not require showing of a change in circumstances). *Accord Whaley v. Guillen (In re Guillen)*, 972 F.3d 1221 (11th Cir. 2020); *In re Meza*, 467 F.3d 874 (5th Cir. 2006); *Barbosa v. Solomon*, 235 F.3d 31 (1st Cir. 2000); *In re Brown*, 219 B.R. 191 (B.A.P. 6th Cir. 1998); *In re Powers*, 202 B.R. 618 (B.A.P. 9th Cir. 1996).

We thus hold that plan modifications under § 1229(a) require a showing, at a minimum, of a "substantial change in circumstances," based on our deference to *Zellner* and our previous holding in *Johnson* construing the identical language in § 1329(a). We need not take a position on whether *Zellner* or *Johnson* require us to find that the substantial change be "unanticipated," however, since we agree with the bankruptcy court that, based on the record, if a showing of an unanticipated, substantial change in circumstances was required, the Swackhammers met their burden. We also believe that the bankruptcy court's alternate finding that the evidence showed an unanticipated substantial change in circumstances was not clearly erroneous.

Mr. Swackhammer testified at the May 2022 hearing that he was unable to meet his crop yield projections because of a delay in financing that year (as well as previous years). That delay caused his cash rent landlords to turn to other farmers, so he lost acreage on which he could farm "outright" – or on his own behalf – as opposed to "custom" farming – or farming for someone else. He testified that, in

8

general, it is more profitable to outright farm than to custom farm. A loss of acreage for outright farming would constitute a substantial change in circumstances, whether unanticipated or not.

When asked what unexpected events occurred in 2021, Mr. Swackhammer testified about complications from his earlier cancer treatment that were "not working out" and that he had "now" been referred to the Mayo Clinic. Although Farm Credit argues that the bankruptcy court should not have taken judicial notice of the pandemic and that the evidence does not show clearly how Mr. Swackhammer's cancer or the pandemic impacted his ability to farm, we cannot say on this record that we have a definite and firm conviction that the bankruptcy court clearly erred. The bankruptcy court had the benefit of exhibits that are not in the record before us as well as four years of experience with the Swackhammers, including experience with plan modifications and hearings that took place during the pandemic.

For the same reasons, we cannot conclude that the bankruptcy court clearly erred in finding that the Swackhammers' fourth modified plan was feasible. To satisfy the feasibility requirement, there must be reasonable assurances from the debtor that the plan can be completed and that the plan will cash flow. *In re Krause*, 261 B.R. at 224. Debtors' income and expense projections are considered in conjunction with their actual past performance to determine feasibility. *See In re Euerle Farms, Inc.*, 861 F.2d 1089, 1090 (8th Cir. 1988). The Eighth Circuit has recognized that projecting income and expenses in the farm context is not "an exact science." *In re Monnier Bros.*, 755 F.2d 1336, 1341 (8th Cir. 1985).

As one court has observed, the question of whether a chapter 12 plan is feasible "is not typically a simple yes-or-no question but rather an analysis of where, on a continuum of feasibility, a particular plan falls." *In re Simpson*, No. 17-10443, 2020 WL 2844383, at *3 (Bankr. D. Vt. June 1, 2020) (slip copy). Because most cases fall somewhere in the middle of the feasibility continuum, feasibility determinations in farm cases "compel the Court to reach a determination based on

9

careful analysis and weighing of the totality of facts and circumstances of the case." *Id*. The salient facts and circumstances are wide-ranging and may include:

> The value and equity of the debtor's assets, the nature and amount of the debtor's liabilities, the efficiency of the debtor's operations, the debtor's pre-petition transactions with creditors, the debtor's historical performance, the terms of the proposed plan, and other evidence showing the likelihood of success in chapter 12.

*Id.*

How much weight the court assigns to each of the facts varies from case to case and the nature of any objections. *Id*. In most cases falling somewhere in the middle of the continuum (like the Swackhammers' case), the court is not engaged in a mathematical computation of fixed components. "Rather, it is making a judgment based on an assessment of myriad moving and mutable parts." *Id*.

The record in this case showed that, at the time of the hearing on the fourth modified plan, the Swackhammers had made the payments required under the first modification; had paid 40% of the payments to Farm Credit required under the second modification; and had timely sold the first piece of their homestead as required by the fourth modified plan and that the second sale was in process. The bankruptcy court looked at the Swackhammers' most recent operating report apparently showing the Swackhammers had only broken even in the first half of 2022. But the court accepted their counsel's explanation that January through June was "not the money time" for farmers in Iowa and that the Swackhammers had social security and insurance proceeds to supplement their farm income. It is true that the court did not hold a new evidentiary hearing on the fourth modification and relied on the evidence from the May 2022 hearing. But the court also noted that it had not heard anything to suggest its findings would be different if a new evidentiary hearing were held. In any event, Farm Credit does not argue on appeal that the bankruptcy court erred in conducting only a nonevidentiary, telephonic hearing when it confirmed the Swackhammers' fourth modified plan. Likewise, Farm Credit does

10

not argue that it was error for the court to rely in part on evidence presented at the earlier May 2022 evidentiary hearing.

Again, given that the projections and other exhibits the bankruptcy court reviewed are not in the record on appeal, we cannot say that the bankruptcy court clearly erred in finding that the Swackhammers would be able to make their payments and to comply with the plan under § 1225(a)(6) or that the fourth modified plan was confirmable under all the requirements of § 1225(a) as incorporated by § 1229.

### *Conclusion*

At a minimum, a substantial change in circumstances is required to justify modification of a plan under § 1229. The bankruptcy court's alternate ruling that the Swackhammers met their burden of showing an unanticipated, substantial change in circumstances is not clearly erroneous, nor is the bankruptcy court's finding that the fourth modified plan was feasible and confirmable. The bankruptcy court's order is therefore affirmed.

_____

11